Steiger agt. Bonn.

---

that conclusion I am inclined to concur, but not without hesitation and some reluctance.

It cannot be denied that there are some facts and circumstances on which this conclusion may be based.

---

# U. S. CIRCUIT COURT.

### ERNEST STEIGER agt. JOHN H. BONN.

*Summons — When should be set aside on ground that defendant was induced to come within the jurisdiction of the court by deceptive and fraudulent means for the purpose of serving him.*

Where the defendant, residing in another district, is enticed and induced to come into the district where the plaintiff resides by the false representations or deceptive contrivances of the plaintiff, or of any one acting in his behalf, for the purpose of serving legal process upon him, and the same is served through such improper means, such service is illegal and ought to be set aside and the process should be dismissed.

Where the defendant had been brought from New York to Newark, New Jersey, by a forged telegram, and on his arrival he was served with the summons or writ by the Deputy United States Marshal, who had been engaged by plaintiff to make such service:

*Held,* that although there is no pretense that the deputy marshal had any knowledge of the forged telegram, yet the undisputed facts make such a presumption against the plaintiff or his agent, who accompanied the officer, that he is called upon to rebut them with proof that he was not privy to the deception practiced upon the defendant.

*District of New Jersey, October,* 1880.

MOTION to set aside writ, &c.

*J. Henry Stone,* for defendant.

*Attorney-General Gilchrist,* for plaintiff.

NIXON, *J.*— This is a motion to set aside the summons issued in the case, on the ground that the defendant was induced by deceptive and fraudulent means to come within

the jurisdiction of the court for the purpose of serving the writ upon him. There seems to be a substantial agreement between the counsel of the respective parties as to the law of the case. They assent to the rule laid down by Mr. justice CLIFFORD in the *Union Sugar Refinery* agt. *Mathiesson* (2 *Cliff.*, 309), where he says : " That where the defendant, residing in another district, is enticed and induced to come into the district where the plaintiff resides, by the false representations or deceptive contrivances of the plaintiff, or of any one acting in his behalf, for the purpose of serving legal process upon him, and the same is served through such improper means, such service is illegal and ought to be set aside, and that the process should be dismissed."

The only question is, whether the facts shown are sufficient to identify the plaintiff with, and hold him responsible for the deception and fraud used to lure the defendant into the state.

The facts are, that the defendant is a citizen of the State of New York, residing in the city of New York, and engaged in the business of importing, publishing and selling school-books in the German language; that a convention of the German-American Teachers' Association — a body composed of German teachers from various states of the Union — was to be held on the twenty-eighth, twenty-ninth and thirtieth days of July last, at the High School building in the city of Newark; that many of the members of this association were customers of the defendant, and in the habit of purchasing books of him; that the plaintiff and defendant had a law suit then pending in the supreme court of the state of New York, growing out of some business transactions between them; that the plaintiff, desirous of removing said controversy into this jurisdiction, and conceiving the notion that the defendant would attend the sessions of the German School Association at Newark, procured a summons from this court and took it to the United States deputy marshal at Jersey City; gave him instructions in regard to its service on the twenty-eighth of July and introduced to the marshal a gentleman, whose name is not known,

who knew the defendant by sight, and who was to accompany the officer to Newark to designate to him the defendant; that they went to Newark on the afternoon of the twenty-eighth and were joined by another man, called "Charley," who was also to aid the marshal in identifying the defendant; that they visited the convention on the twenty-eighth and twenty-ninth of July, but failed to find the defendant, one of the men paying the officer for his attendance on the last named day, and promising to give him notice if his attendance was desired on the next day; that he was notified to meet these men at Newark on the afternoon of the thirtieth, when the defendant was found and the writ served; that the defendant visited New Jersey in consequence of having received, at his place of business in the city of New York, at about one o'clock P. M. of that day, a telegram of the following tenor:

"NEWARK, *July* 30, 1880.

To E. STEIGER, 25 Park place, New York:

Please call at headquarters of German-American Teachers, at 842 Broad street, this afternoon.

        (Signed)        W. I. ECKOFF."

That the W. I. Eckoff, whose name was signed to the telegram, was a German teacher, and president of the convention then assembled at the place designated, with whom the plaintiff had a casual acquaintance; that the telegram was not sent by the said Eckoff, nor by anyone in his behalf, and it was doubtless forwarded by some one to bring the defendant within this jurisdiction.

If the plaintiff, or anyone acting in his behalf, was instrumental in decoying him hither by the use of such a device, it must be held that the writ should be quashed and the suit dismissed. But if other persons, not connected with the plaintiff, procured his attendance, even by these improper methods, for any purpose, the plaintiff has the right to avail himself of the opportunity of serving the writ — the defendant is found in the district in the sense in which the term is used in the

Steiger agt. Bonn.

eleventh section of the judiciary act (*sec.* 739, *R. S.*), and the plaintiff is not chargeable with any deception or fraud practiced by those over whom he has no control and for whose actions he is not responsible. Such I understand to be the substance of the opinion of the court in the case of the *Union Sugar Refinery* agt. *Mathiesson* (*supra*).

The question involved must be decided by ascertaining upon which party the burden of proof lies. There is no pretense that the deputy marshal had any knowledge of the forged telegram. Do the undisputed facts make such a presumption against the plaintiff or his agent, who accompanied the officer, that he is called upon to rebut them with proof that he was not privy to the deception practiced upon the defendant?

I am of that opinion. The presumption of the plaintiff's participation in the deception is stronger here than in the case of *Hevener* agt. *Heist* (30 *Leg. Int.*, 46), and yet in that case the court set aside the writ. The defendant had been brought to Philadelphia, from Bucks county, Pennsylvania, by a forged telegram, and on his arrival he was served with the writ by the deputy sheriff. Judge SHARSWOOD thought the burden of proof was upon the plaintiff to explain how the officer knew that the plaintiff was coming. There was no evidence as to who sent the telegram, and yet the learned judge held that the failure of the plaintiff to show that he did not direct the officer in the service was fatal to the legality of the proceedings. " I am clearly of the opinion," he says " that it was incumbent on the plaintiff to produce the sheriff's deputy who made the arrest, in order to show that it was not by the instruction of the plaintiff or his attorney, that he went with the writ at that time to that place to arrest the defendant."

The evidence is uncontradicted that the deputy marshal did go at the time and place designated by the agent of the plaintiff to make the service of the summons, and there is no disavowal on his part that he procured the presence of the defendant then and there.

The writ must be set aside.