## CONRATH v. JOHNSTON *et al.*

No. 1703. Opinion Filed September 17, 1912.

Rehearing Denied December 24, 1912.

(128 Pac. 1088.)

1. APPEAL AND ERROR—Motion to Quash Service—Review—Conflicting Evidence. Upon the hearing of a motion to quash service of summons on the ground that the party was deceived and inveigled into the state for the purpose of obtaining service, and issue is joined as to whether fraud was committed, and testimony for and against the motion is submitted, and a full hearing had and the motion overruled, this court will not reverse the ruling, where it is supported by the evidence.

2. PROCESS — Service — Motion to Quash — Retrial. Where, at a special appearance, a full hearing has been given, before trial, on a motion to quash service, and the motion overruled, it is not

error to refuse to reopen the issue and allow testimony in support of the motion to go to the jury.

3. **APPEAL AND ERROR**—Review—Evidence. Upon the assignment that a judgment is not supported by sufficient evidence and is contrary to law, where the record shows no material errors of law, and where the judgment is reasonably supported by the evidence, it will not be reversed.

(Syllabus by Harrison, C.)

*Error from District Court, Washington County;*
*John J. Shea, Judge.*

Action by H. G. Johnston and others, doing business as the American Well & Prospecting Company, against John D. Conrath and others. Judgment for plaintiffs, and defendant, George T. Conrath, brings error. Affirmed.

This action was begun in the district court of Washington county by the copartnership above named against John D. Conrath and George T. Conrath on a promissory note executed by John D. Conrath and George T. Conrath for the sum of $1,250. Summons was issued and served upon defendant, George T. Conrath. The record fails to show whether John D. Conrath was served or not, nor does it show any appearance for John D. Conrath at the trial of the cause. But on January 11, 1908, defendant, George T. Conrath, made special appearance, and moved to quash service of summons on the ground that such service was fraudulently obtained, alleging that such fraud consisted in defendants being invited and inveigled into the state of Oklahoma and within the jurisdiction of said court by Charles Rittersbacher, one of the plaintiffs, under the pretense of arranging a settlement and affecting a compromise of the controversies between the parties to this action; that while in the state for the purpose of making the settlement proposed by plaintiffs the defendant George T. Conrath was served with copy of summons. Afterwards, on February 17, 1908, a hearing was had on the motion to quash service of summons, at which hearing the court heard affidavits and oral testimony in support of the contention that defendant had been deceived and inveigled into the state for the purpose of obtaining service of summons,

and also counter testimony against defendant's contention. After hearing the testimony for and against such contention, and being advised in the premises, the court overruled the motion to quash service. Whereupon defendant, George T. Conrath, answered by general denial, and subsequently filed an amended answer of general denial and alleged fraud and misrepresentation in procuring the note and failure of consideration for same. In May, 1909, the cause was tried, and after hearing the testimony on behalf of both parties to the suit, on motion of plaintiffs, the court instructed the jury to return a verdict in favor of the plaintiffs, pursuant to which instruction the jury returned a verdict in favor of the plaintiffs in the sum of $1,547.50, upon which judgment was rendered in favor of plaintiffs against defendant, George T. Conrath. From the order overruling motion for a new trial, and from the judgment on the verdict, defendant, George T. Conrath, appeals.

*Norman Barker,* for plaintiff in error.

*Veasey & Rowland,* for defendants in error.

Opinion by HARRISON, C. (after stating the facts as above). There are three propositions involved in the case, namely: The overruling of the motion to quash service; the refusal to allow testimony as to the manner of service to go to the jury; and whether the verdict was contrary to law, and not supported by the evidence. Upon a full hearing of the motion to quash service the court overruled it. In support of his motion the defendant submitted affidavits and oral testimony that while attending as a witness in a trial in the state of Kansas, that Charles Rittersbacher, one of the plaintiffs, suggested to defendant to come to Oklahoma for the purpose of reaching an agreement, and effecting a compromise of their differences; that pursuant to such suggestion, and being led to believe a settlement might be effected, he came to Oklahoma, and that while in Bartlesville he was served with summons; that no settlement was made or offered to be made by plaintiff, and that the one purpose plaintiff had in the matter was to get defendant into the state

so that service might be had upon him. On the other hand, there was evidence that at the trial in Kansas defendant had remarked that he intended to visit his brother in Oklahoma, and thereupon the question of reaching a compromise and settlement was discussed, and it was agreed that the matter would be taken up when defendant came to Oklahoma on the visit aforesaid; that defendant made the visit to Oklahoma, and stopped off at Bartlesville; that while there he had opportunities to discuss the question of settlement, but failed to do so, and tried to evade service by going to the train and out of the state, and that he was served with summons in the act of getting on the train and trying to evade the service. The court heard all the testimony, and adjudged the weight of same, and, as the ruling is reasonably well supported by the evidence, this court will not reverse it.

As to the second proposition, we think there was no error in refusing to allow testimony as to the manner of service, and as to the method of getting defendant into the state, to go to the jury.

On the remaining proposition, we think the verdict and judgment was supported by the evidence. The note was introduced and oral testimony introduced to show the consideration and of what it consisted. There was no testimony offered in support of the allegation of fraud in procuring the note, nor the allegation of failure of consideration, and, under the record before us, it is our opinion that the judgment should be affirmed.

By the Court: It is so ordered.