## SHERRILL v. RENFROW.

No. 16395—Opinion Filed May 4, 1926.

Rehearing Denied Nov. 16, 1926.

**Appeal and Error—Sufficiency of Evidence—Jurisdiction—Special Appearance — Motion to Quash—Ruling—Finality.**

Where the jurisdiction of a court is ques-

tioned in a law action by special appearance and unverified motion to quash upon the sole ground that defendant was not a resident of the county where the action was brought, although served with summons therein, and upon the hearing held on said motion more than a month after it was filed defendant offered no proof in support thereof. the action of the trial court thereon is final as far as that court is concerned. Thereafter upon trial of the case on the merits no error is committed in excluding evidence then offered in support of the motion to quash, and on proceedings in error to this court the action of the trial court in overruling the motion to quash will be sustained because reasonably supported by the evidence.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by H. D. Renfrow against Guy Sherrill to recover certain commissions claimed to be due. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced February 28, 1923, by H. D. Renfrow filing his petition in the district court of Pittsburg county against Guy Sherrill upon two causes of action. Under the first cause of action it was alleged in substance that defendant was the local agent at McAlester for the Commerce Trust Company, and that about July 2, 1921, he entered into a contract and agreement with the plaintiff whereby plaintiff was to receive 25 per cent. of the commissions allowed by the Commerce Trust Company, on all loans made by it, applications for which were procured by plaintiff and turned over to defendant; that pursuant to said agreement plaintiff procured the application of one J. T. Amason for a loan of $10,000, which he turned over to defendant under said agreement, and that the Commerce Trust Company thereafter completed said loan, charging as a commission therefor the sum of $3,000, whereby defendant became indebted to plaintiff in the sum of $750; that of this amount defendant paid to plaintiff the sum of $50 October 22, 1921, and the sum of $200 in November, 1921, and that there remains due and unpaid from defendant to plaintiff by reason of said transaction a balance of $500.

Under the second cause of action it was alleged. in substance. that by virtue of the contract and agreement between the parties above stated plaintiff procured an application of Joseph Lee Cowan for a loan of $1,500. which was turned over to defendant,

and that the Commerce Trust Company thereafter completed said loan, charging therefor a commission of $300, and that by reason thereof defendant became and is indebted to plaintiff in the sum of $75, which was due and payable October 1, 1922.

Summons was thereafter served and on March 28, 1923, defendant filed his motion to quash service of summons for the reason that at the date of service of summons upon him he was in Pittsburg county under process as a witness in a cause there pending, and was not subject to service of process while so attending, he being a resident of Seminole county. April 14, 1923, this motion was by the court overruled and exception saved. Thereafter, on May 26, 1923, defendant filed his demurrer to plaintiff's petition upon the grounds that the court was without jurisdiction of the person of the defendant, was without jurisdiction of the subject of the action; that plaintiff was without capacity to sue, and that the petition did not state facts sufficient to constitute a cause of action under either count thereof. This demurrer was by the court overruled June 23, 1923, and on July 9, 1923, defendant filed his answer, which consisted of a general denial and affirmative allegations that defendant at the time of the service of process upon him was not a resident of Pittsburg county, but was in said county attending court as a witness under process, and that the court is, therefore, without jurisdiction of his person, and further alleged that the $50 payment and the $200 payment, alleged by plaintiff in his first cause of action to have been paid him by defendant, was paid to and accepted by plaintiff in full settlement of any and all sums due him by reason of the Amason loan.

Plaintiff filed his reply to this answer, denying generally the allegations of said answer, and specifically alleged that the acceptance by him of the $50 check and the $200 check in full settlement of his claims against defendant, by reason of the Amason loan, was induced by false and fraudulent representations and statements made to plaintiff by defendant, to the effect that defendant had only received from the Commerce Trust Company the sum of $450 as commission on the Amason loan, which statement and representation was false and fraudulent, the truth being that defendant received from the Commerce Trust Company, by virtue of said loan the sum of $933; that when plaintiff learned the true facts he demanded the balance of $500 due him on the Amason loan under his contract

with defendant, but payment thereof was refused. On the first trial of the case there was a verdict and judgment in favor of plaintiff upon his second cause of action, but as to the first cause of action the jury disagreed and a mistrial was entered. Thereafter, upon a second trial upon the first cause of action, there was a verdict and judgment in favor of the plaintiff upon said first cause of action, and judgment entered accordingly. After unsuccessful motion for new trial, defendant has prosecuted this proceeding in error to reverse the judgment of the trial court entered upon the second trial and upon the first cause of action. The judgment as to the second cause of action has become final.

Horton & Gill, for plaintiff in error.

A. C. Sewell, for defendant in error.

Opinion by LOGSDON, C. There are numerous assignments of error, but in the briefs of the parties only two questions are raised and presented: Defendant's first contention for reversal is that the trial court erred in overruling his motion to quash summons and his plea to the jurisdiction of the court over his person.

It is disclosed by the record that summons was served on defendant personally in Pittsburg county on February 28, 1923. On March 28, 1923, defendant filed his motion to quash the summons and the service thereof, and the plea to the jurisdiction of the court over his person, alleging that he was not a resident of Pittsburg county, but was in said county when served in obedience to a subpoena to appear as a witness in a pending action. On April 2, 1923, a response to this motion and plea was filed by the plaintiff, which put in issue the question of defendant's residence and the question of whether his presence in Pittsburg county was in answer to a subpoena at the date of service of summons in the instant case. The hearing on the motion to quash was set for April 24, 1923. This special appearance motion filed by defendant was unverified, and on the day set for the hearing he offered no proof either by affidavit, deposition, or oral testimony, in support of the allegations contained in said motion. The sheriff's return of summons, which was a part of the record in the case, reads:

"I received this summons on the 28th day of February, 1923, at 6 o'clock p. m., and executed the same in my county by delivering a true copy of the within summons with all the indorsements thereon to Guy Sherrill in person February 28, 1923."

The trial court overruled the motion to quash and the plea to the jurisdiction, and defendant reserved his exception. It is now urged and insisted that the trial court committed reversible error in excluding from the consideration of the jury at the trial of the case on its merits, testimony then offered by defendant in support of the allegations in his motion and plea which had been brought forward by similar allegations in his answer.

In support of this contention defendant cites and relies on the case of Commonwealth Cotton Co. v. Hudson et al., 62 Okla. 23, 161 Pac. 535, where this court stated the rule, now firmly established in this state, as follows:

"A defendant who has objected to the jurisdiction of the court over his person may, after his objection has been overruled, in any manner defend against the action without waiving his objection; but, if he does more, and, aside from his defense, voluntarily demands affirmative relief in the same action, and thus invokes the jurisdiction of the court in a matter unnecessary to his defense, he will be deemed to have waived such objection."

There can be no question as to the correctness of the rule of practice announced in the above quotation. It follows other cases previously announcing the rule, and has been followed since by this court. The trouble with the above-cited case, as authority to support defendant's contention in the instant case, is that the facts are in no way similar. In the Hudson Case Mr. Commissioner Brewer, in his statement of the facts, shows that, in support of the motion to quash and the plea to the jurisdiction, defendant introduced in evidence "the subpoena under which he was traveling when served, the affidavit of said Bellis, and that of the county judge, showing that Bellis attended on that date under the subpoena as a witness in a certain criminal case pending in Payne county". The court there, as in the instant case, overruled the motion to quash and the plea to the jurisdiction, and this court held that the trial court's action in overruling said motion and plea was erroneous; that the error was properly saved and presented, notwithstanding the defendant thereafter filed other pleadings in the case and defended in a trial on the merits. No such situation is presented by the instant record. Here the motion to quash and plea to the jurisdiction was not filed until 30 days after the service of summons, and no hearing was had until about six weeks after the motion was filed. The motion was

unverified, no proof of any kind or character was submitted or offered in support of the allegations of the motion, while the sheriff's return, which was a part of the record in the case, was regular on its face and showed that the defendant was served within Pittsburg county. Upon this showing the trial court very properly overruled the motion and special plea, and such action is sustained by the evidence then before the court. Can defendant now complain because the trial court refused to reopen this closed issue and permit evidence in support of the motion to go to the jury in the trial of the case on its merits? Only one case has come to the attention of the court in which this exact situation has been presented. In Conra h v. Johnston et al., 36 Okla. 425, 128 Pac. 1088, Mr. Commissioner Harrison, in the second paragraph of the syllabus, states the proper rule to be applied to the situation here presented in the following language:

"Where, at a special appearance, a full hearing has been given, before trial, on a motion to quash service, and the motion overruled, it is not error to refuse to reopen the issue and allow testimony in support of the motion to go to the jury."

In the answer brief of plaintiff in the instant case, it is disclosed that there were two trials of this case on the merits. On the first trial the jury disagreed as to the first cause of action and returned a verdict for plaintiff under the second cause of action. Upon this first trial on the merits defendant offered no proof in support of the allegations of his motion to quash and his plea to the jurisdiction. Upon the second trial on the merits, under the first cause of action alone, proof was offered on this issue and excluded by the court, and it is from the verdict and judgment upon this second trial that the present proceeding in error is prosecuted. The correctness of this statement of fact in the brief of plaintiff is not questioned by any reply brief on behalf of defendant. This accentuates the applicability of the language of Mr. Commissioner Harrison above quoted.

Defendant's second proposition questions the correctness of paragraphs 4 and 5 of the court's instructions to the jury, and it is contended that the two paragraphs are in conflict and show error. Defendant by his answer and evidence sought to establish a settlement of plaintiff's claim in the nature of an accord and satisfaction, based upon the following notation appearing on the $200 check which defendant gave to plain-

tiff and which was accepted: "For Bal. commission Amason loan." It is insisted that when plaintiff accepted and cashed this check with the above notation thereon, it constituted a full settlement of any and all claims by him against defendant growing out of the Amason transaction. In his reply to defendant's answer, plaintiff pleaded the facts which he alleged constituted fraudulent representations inducing him to accept said check with the notation thereon. The question of fraud was therefore a direct issue for the consideration of the jury. Instruction No. 4 very clearly and fairly submitted the question of the settlement as claimed by defendant, and the fraud inducing such settlement as claimed by the plaintiff, and authorized the jury to determine the truth of this issue from the evidence admitted for its consideration. Of course, if the jury determined that the representations made by defendant to plaintiff were fraudulent, and that they induced plaintiff's acceptance of the check in settlement, then the fact would be established that at the time of the acceptance of the $200 check defendant was indebted to plaintiff in excess of that amount, the settlement being void because of the fraud. It would follow, necessarily, that if the jury under instruction No. 4 determined the issue of fact there submitted in favor of plaintiff, there would be no consideration for the alleged settlement between the parties, and instruction No. 5 merely stated this to the jury as a matter of law. No conflict is apparent from an examination of these two paragraphs, and since the instructions as a whole are not complained of, it must follow that no prejudicial error resulted to the defendant from the giving of instructions numbered 4 and 5.

For the reasons herein stated, the judgment of the trial court should be and is in all things affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 879 §2853.