Paul C. STRONG, Plaintiff in Error,

v.

Helen L. STRONG, Defendant in Error.

No. 36973.

Supreme Court of Oklahoma.

May 8, 1956.

Petition for Rehearing Withdrawn
July 17, 1956.

Williams & Hansen, Oklahoma City, for plaintiff in error.

John M. Lawrence, M. W. Cooper, pro se, Oklahoma City, for defendant in error.

PER CURIAM.

The parties will be referred to by their trial court designation. The plaintiff and defendant were married September 9, 1951, at Charleston, Arkansas. At that time they were residents of Oklahoma. In 1952 they moved from Oklahoma to Corpus Christi, Texas, and have lived there since. There have been two children born of this marriage. On November 7, 1954, after a violent quarrel, plaintiff had defendant arrest-

ed and made arrangements with her attorney in Oklahoma City, and was flown by him from Corpus Christi to Oklahoma City, where she made her residence with her parents. Subsequent to her arrival in Oklahoma City, but prior to December 1, 1954, the parties had several discussions by telephone, the last one being on November 30, 1954. It is this last telephone conversation that contains the crux of the facts upon which the defendant's first proposition on appeal is based. On December 1, 1954, the defendant drove to Oklahoma City and was served with a summons in this action shortly after checking into the hotel and notifying the plaintiff of his presence in town. The action was filed that day.

The defendant filed a motion to quash the service of summons, alleging that his presence in Oklahoma County had been procured "through fraud, deceit, artifice, trick or device * * *" in that he had been induced to come to Oklahoma City for the purpose of securing personal service on him. On the hearing upon this motion, the defendant testified by deposition that during their telephone conversation his wife asked him to come visit them; whereupon he drove to Oklahoma City and checked into the rooms reserved for him by her. The plaintiff testified that she did not ask him to come, and had always informed him that she did not want to see him but that she "could not stop him from seeing the children". She made the reservation of the rooms at his request. Immediately after this conversation, the plaintiff contacted her attorney, and the necessary pleadings in this action were prepared to be filed.

 In Kelly v. Citizens Farmers Nat. Bank, 174 Okl. 380, 50 P.2d 734, 735, this court stated in syllabus 1:

"It constitutes an abuse of process to inveigle or entice the person to be served into the jurisdiction of the court, by means of fraud and deceit, or by trick or device for the purpose of obtaining service of process upon him, and such service, if obtained un-

der such circumstances, is ineffective when properly challenged, and will be vacated and set aside."

In that case it appeared that the defendant came to the county in which the suit was brought by reason of a letter suggesting a negotiation of the controversy. In the case of Steiger v. Bonn, C.C., 4 F. 17, upon which this defendant also relies, the defendant was inveigled into the jurisdiction of the court by a forged telegram, and the plaintiff failed to explain his knowledge of the defendant's presence in the jurisdiction. Here, all the telephone calls, and the visit were initiated by the defendant. There is a direct conflict in the testimony as to the nature of the telephone conversations. The testimony of the plaintiff shows that the defendant came into this jurisdiction without any inducement on her part—in fact, after her express statement that she did not care to see him. Her testimony negatives any argument that the defendant was lured here under a pretext of reconciliation. In fear of her safety and that of her children, the plaintiff had decided to return to her parents. If the natural inclinations of a parent to see his child caused the defendant to voluntarily enter this jurisdiction, to which his wife had been forced to flee by his wrongful conduct, it is altogether proper that personal service be had on him in an action for the support of his family; Case v. Smith, Lineaweaver & Co., C.C., 152 F. 730. Of course, the situation would be different if he were fraudulently induced to enter the jurisdiction by using his parental instincts. The court's order overruling the motion to quash contained a finding of fact that the plaintiff did not induce the defendant to come into this jurisdiction. This finding is not against the clear weight of the evidence and is supported by sufficient testimony. Conrath v. Johnston, 36 Okl. 425, 128 P. 1088; Commercial Mutual Accident Co. v. Davis, 213 U.S. 245, 29 S.Ct. 445, 53 L.Ed. 782.

The only other proposition urged by the defendant is that the judgment is excessive. The testimony of the plaintiff must be

qualified by her obvious lack of detailed knowledge concerning the extent and nature of the defendant's business since he purposely kept her uninformed about their property. It was proven, however, that they owned an automobile, a jeep, a building lot upon which a home was being constructed, $10,000. in the bank, interests in several oil properties, a small amount of real estate in Beckham County, Oklahoma, and approximately 70,000 shares of stock in a refining corporation. The value of these properties was disputed and speculative, and the ownership of 40,000 shares of the stock had been lost in a financial speculation, according to the defendant. Nevertheless, in his deposition on the motion to quash service, the defendant stated that "I wouldn't take a half million dollars for * * *" only one of the oil properties. Since the defendant chose not to appear and testify on the merits of the action, this statement stands unqualified. Conceding that he may have, been overly optimistic in that estimate, the financial statement made by his auditors for him for the purpose of borrowing money to build a home shows "oil royalties" alone valued at $225,000. In the face of these admissions we cannot say that the finding determining the net worth of their property is against the clear weight of the evidence.

Notwithstanding this, even if we consider the award of $100,000. in addition to the order requiring the payment of $300.-00 per month as separate maintenance and $200.00 per month as child support, to be merely additional separate maintenance rather than an erroneous attempt to settle the parties property rights, Anderson v. Anderson, 140 Okl. 168, 282 P. 335, 74 A.L.R. 1231, the judgment is clearly excessive. When the parties were married in 1951 they had only forty-six dollars. Their income tax report shows net income for 1952 of $3,010.32, and for 1953 of $14,451.-21. Their manner of living has been modest. None of the testimony by the plaintiff discloses a reasonable basis for concluding that proper support for her and her children would necessitate an award of such proportions. See Branson v. Branson, 190 Okl. 347, 123 P.2d 643, for a discussion of the factors to be considered in determining the amount of separate maintenance that should be allowed. Among other factors to be considered are the defendant's income and the probable necessities of the plaintiff as related to the parties' station in life, as well as the reasonable support required for their children. The property of greatest value belonging to these parties was unproductive at the time of trial and it does not appear that the defendant has a job, access to any large sums of money, or substantial liquid assets other than the stock. All things considered, we are of the opinion that the lump sum award of $100,000. as separate maintenance almost one-half of the parties total net worth as found by the court cannot be considered as equitable, and just in view of the continuing nature of the defendant's obligation. It is to be remembered that alimony as separate maintenance is not the same as alimony upon a divorce. Separate maintenance contemplates a continuance of the marriage and is. for the present needs of the wife alone, pending a reconciliation or permanent dissolution of the relationship. Lewis v. Lewis, 39 Okl. 407, 135 P. 397. Changed circumstances may justify re-examination of its reasonableness. It is not for the purpose of finally determining their property rights. Anderson v. Anderson, supra; Williams v. Williams, 103 Okl. 194, 229 P. 797. The judgment should be modified by the elimination of this allowance. Likewise, the fee allowed plaintiff's attorney should be reduced to an amount of $2,500, as a total fee, including the amount allowed as a temporary fee.

Judgment affirmed as modified.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Reed and Crawford, the cause was assigned to a Justice of this Court. Thereafter, upon

report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

HUNT, J., not participating.