Gene L. McINNISH and Evelyn M. McInnish, d/b/a Mack's Construction Company, a co-partnership, Plaintiffs in Error,

v.

CONTINENTAL OIL COMPANY, a corporation, Defendant in Error.

No. 38652.

Supreme Court of Oklahoma.

June 13, 1961.

**970**

John M. Lawrence, Oklahoma City, for plaintiffs in error.

Richard A. Procter, Looney, Watts, Looney & Nichols, Oklahoma City, for defendant in error.

JOHNSON, Justice.

This action was begun in the Common Pleas Court of Oklahoma County, Oklahoma, by petition filed against Gene L. McInnish and Evelyn M. McInnish, d/b/a Mack's Construction Company, a co-partnership, to recover upon an open account in the sum of $1,656.01 due plaintiff, Continental Oil Company, a corporation. The petition contained only the following allegation in regard to the partnership:

"Mack's Construction Company is a co-partnership composed of Gene L. McInnish and Evelyn M. McInnish, both residents of Oklahoma County, Oklahoma."

Summons was issued and served upon Gene L. McInnish. The sheriff's return disclosed service upon Evelyn by serving her husband. As a matter of fact, they were divorced, and therefore the service upon her was defective. Thereafter the court rendered a default judgment as follows:

"It is therefore ordered, adjudged and decreed by the court that the plaintiff be granted judgment against these defendants and each of them * * *."

Nowhere in such journal entry is there mention of the partnership, the judgment being against them as individuals.

Thereafter on application of Evelyn the judgment was vacated as to her, and she was permitted to file an answer which denied the account, the existence of a partnership or that she was liable in any way. This answer was duly verified.

At the trial the plaintiff introduced in proof of the partnership a report made to Dun & Bradstreet and a sheet from the general information file of the First National Bank. This was the only proof introduced by plaintiff in this connection. The defendant, Evelyn, denied that a partnership had ever existed and testified that the husband was the sole owner; that she had been divorced from him prior to the filing of the suit.

The jury found for plaintiff, and a journal entry of the court provided:

"It Is Therefore ordered, adjudged and decreed by the court that the plaintiff having recovered against the defendant the sum of $1,656.01.

"It Is Further Ordered, adjudged and decreed that plaintiff have a judgment against the defendant, Evelyn McInnish, for the cost of this action, interest to run at the rate of 6% per annum from the 12th day of September, 1957, until paid."

Again, there was no mention of the partnership or judgment rendered against it.

After the overruling of the motion for new trial, appeal to this court was perfected.

Several objections to the validity of the proceedings are urged. We deem it necessary to pass only upon one of these.

There never at any time was a judgment rendered against the partnership as such. We have pronounced the rule in several decisions.

"In a suit based on a claim of partnership liability, it is error to render an individual judgment against one member. In such case judgment should be rendered against the firm, and such judgment enforced against the partnership and the individual property of the members in case the partnership property is exhausted before the judgment is satisfied in full." Bearman et al. v. Bracken et al., 112 Okl. 237, 240 p. 713.

Again in Fowler v. Brooks et al., 193 Okl. 580, 146 P.2d 304:

"Partners as such are not directly or personally liable on a debt or liability of the partnership. Their liabilities arise out of their connection with the

firm and are traceable only through the firm and must be established by a judgment against the firm. No personal judgment may be entered against a partner as such; his property may be subjected to payment of the partnership liability when the assets of the partnership are insufficient to pay its obligation."

And in Southard v. Oil Equipment Corp., Okl., 296 P.2d 780, 781:

"It is error to render a personal or individual judgment against any of the partners in an action upon an alleged partnership liability."

The judgment of the trial court is reversed for a new trial.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.