Ethyl CARTER, Plaintiff in Error,

v.

Joe LOVE, Defendant in Error.

No. 40232.

Supreme Court of Oklahoma.

June 2, 1964.

Rehearing Denied June 23, 1964.

Application for Leave to File Second Petition for Rehearing Denied July 28, 1964.

Kenneth Lackey, Eufaula, for plaintiff in error.

Charles Sims, Seminole, for defendant in error.

PER CURIAM.

The plaintiff in the trial court, Joe Love, brought this action to recover a $1300.00 judgment on an oral contract for real estate rentals of the Chief Theatre in Seminole, Oklahoma. It was alleged, and the proof shows, that the personal property and equip-ment of the Chief Theatre was owned and operated by the defendants Ethyl Carter, Layton Carter, and Georgia Carter, as part-ners.

It was further alleged that defendants, Ethyl Carter, Layton Carter, and Georgia Carter as a partnership, were insolvent but that $800.00 had been realized from the sale of partnership assets which had been de-posited with the Court Clerk of Seminole county in pending partnership dissolution proceedings being conducted in that court. It was further alleged that the partnership fund on deposit with the Court Clerk should be applied to the indebtedness due plaintiff.

After trial and jury verdict for plaintiff the trial court entered a joint judgment against the defendants Ethyl Carter, Lay-ton Carter, and Georgia Carter for $1300.00, as prayed, and it is from this judgment that the defendant Ethyl Carter has appealed.

On appeal Ethyl Carter argues three propositions, the first being that the trial court did not have jurisdiction because the action was not brought in the proper forum. In this connection, the record shows that a summons was issued by the Court Clerk of Seminole County to the Sheriff of Seminole County for service upon Layton and Georgia Carter. They voluntarily accepted service and executed a written acknowl-edgment thereof on the back of the sum-mons. Thereafter the Court Clerk of Sem-inole County issued a summons to the Sher-iff of McIntosh County for service upon Ethyl Carter, and she was properly served.

It is agreed that as to venue, this action is brought under 12 O.S.1961 § 139, which pro-vides that "Every other action must be brought in the county in which the defend-ant or some one of the defendants * * * may be summoned * * *". 12 O.S.1961 § 162, provides that "An acknowledgment on the back of the summons * * * is equiv-alent to service".

The first pleading filed by defendant Ethyl Carter was a motion in which she asked the court to "quash the purported service of summons upon her for the reason that said purported summons was not issued,

served and returned in the manner and form prescribed by law"; in a second paragraph she asked that the summons be quashed for further reason that "this is not the proper forum for presentation of this matter and this court does not have venue of the subject matter and the parties". This motion was not verified or supported by affidavit, and it is apparent that it pleads conclusions only, and not facts. There were no defects apparent on the face of the summons or acknowledgement of service. There was nothing in the motion to challenge the attention of the court to the particular grounds to be relied upon.

Ten days later there was a hearing upon this motion at which defendant Ethyl Carter was represented. No evidence was introduced and there is no complaint that any party was prevented from introducing evidence. At the conclusion thereof the court found that "upon examination of the pleadings, and being fully advised in the premises", the motion should be overruled.

Seven months later, at the trial of the action on its merits, defendant Ethyl Carter attempted to introduce evidence on the venue question, and it was excluded by the trial court.

■ Under these circumstances, the following rule from Sherrill v. Renfrow, 120 Okl. 89, 250 P. 515, is applicable:

"Where the jurisdiction of a court is questioned in a law action by special appearance and unverified motion to quash upon the sole ground that defendant was not a resident of the county where the action was brought, although served with summons therein, and upon the hearing held on said motion more than a month after it was filed defendant offered no proof in support thereof, the action of the trial court thereon is final as far as that court is concerned. Thereafter upon trial of the case on the merits no error is committed in excluding evidence then offered in support of the motion to quash, and on proceedings in error to this court the action of the trial court in overruling the mo-

tion to quash will be sustained because reasonably supported by the evidence."

Hamon v. Gardner, Okl., 315 P.2d 669; Rose v. Walker, Okl., 380 P.2d 702; and Conrath v. Johnston, 36 Okl. 425, 128 P. 1088, also explain our views on the question.

It may be conceded that the facts in the Sherrill case are not precisely the same as in the one now before us. The defendant's motion to quash in the Sherrill case was based upon his allegation that he was not a resident of Pittsburg County, and was served in that county while under subpoena to testify in a criminal case there. At the hearing on his unverified motion, he offered no evidence of any kind in support thereof and, since no defect appeared on the face of the summons or sheriff's return, the trial court properly overruled the motion, undoubtedly because he had failed to sustain the burden of proof.

■ In the instant case, defendant Ethyl Carter's complaint does not go to the propriety of the service upon her in McIntosh County, but concerns the acknowledgement of service executed by her co-defendants *in Seminole County,* upon which, under 12 O.S.1961, § 139, the venue of this action as against Ethyl Carter depends. In her brief, she charges that there was collusion between her co-defendants, Layton and Georgia Carter, and the plaintiff in the action, and that the acknowledgement of service they executed was therefore insufficient to justify the issuance of summons to another county under 12 O.S.1961, § 154. At the hearing in the trial court on her motion raising the venue question, which was unverified and unsupported by affidavit, she introduced no evidence at all, and it was properly overruled for failure to sustain the burden of proof, as in the Sherrill case. The burden of proving improper service is upon the party alleging it. Sullivan v. Bryant, 180 Okl. 89, 67 P.2d 964.

In defendant's second proposition it is pointed out that the partnership was not made a party defendant and it is urged that a judgment may not be rendered against the individual members of a partnership where

the partnership has not been made a party defendant. In this connection our attention is invited to Fowler v. Brooks, 193 Okl. 580, 146 P.2d 304; Southard v. Oil Equipment Corporation, Okl., 296 P.2d 780; Lenz v. Young, Okl., 307 P.2d 844; W. B. Johnston Grain Co. v. Self, Okl., 344 P.2d 653; and McInnish v. Continental Oil Co., Okl., 362 P.2d 969.

In the first paragraph of the syllabus in Fowler v. Brooks, supra, we held:

"Partners as such are not directly or personally liable on a debt or liability of the partnership. Their liabilities arise out of their connection with the firm and are traceable only through the firm and must be established by a judgment against the firm. No personal judgment may be entered against a partner as such; his property may be subjected to payment of the partnership liability when the assets of the partnership are insufficient to pay its obligation."

The plaintiff contends that the foregoing cases are not in point for the reason that the partnership involved herein had ceased its operations and had been dissolved before this action was filed. In this connection attention is invited to White and Smith v. Dillinger, 50 Okl. 555, 151 P.194; Walker Drilling Co. v. Carlew Drilling Contractors, 109 Okl. 7, 234 P. 598; Moore v. Diehm, 200 Okl. 664, 199 P.2d 218; Aetna Casualty and Surety Co. v. Wofford, Okl., 296 P.2d 969, 60 A.L.R.2d 821; and Yellow Cab Company v. Allen, Okl., 377 P.2d 220, 221. In the second paragraph of the syllabus in the Yellow Cab Company case we held:

"Where a partnership has been dissolved before an action is commenced for recovery on an obligation of the partnership incurred before its dissolution, such action may be maintained and judgment rendered against the individuals formerly comprising the partnership and no judgment can be rendered against the partnership as such."

The record discloses that at the time the instant action was filed there was pending in the District Court of Seminole County an action for the dissolution of the partnership. This action for dissolution was pending at the time of the trial of the instant action and it had not been terminated; and there was testimony that the final status or division of properties and moneys had not been settled between the partners out of court. The evidence further shows that the Chief Theatre was the only business enterprise in which the partnership engaged, and that the theatre was closed and the business discontinued before this action was begun. No definite term for the continued existence of the partnership had been contracted.

54 O.S.1961, § 231 (1) (a), provides in regard to causes for dissolution of a partnership, in part, as follows:

"Dissolution is caused:

"(1) Without violation of the agreement between the partners, (a) By the termination of the *. * * particular undertaking specified in the agreement * * *."

■ Under the rule quoted from the Yellow Cab case, supra, and as applied in cited cases prior thereto, it seems reasonably clear that prior to the adoption of the Uniform Partnership Act in 1955 (54 O.S. 1961, § 201 et seq.) it was proper to sue the individual partners subsequent to dissolution without joining the partnership firm as such.

In 54 O.S.1961, § 230 (enacted 1955), it is provided:

"On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."

■ While it would seem that this section of the statute would modify the rule expressed in the Yellow Cab case, supra, so that an action may be maintained and judgment rendered against a partnership firm as such while in the process of dissolution and until such time as the winding up of partnership affairs has been completed, Cotten v. Perishable Air Conditioners, 18 Cal.2d 575, 116 P.2d 603, 136 A.L.R. 1068, it does not require that the firm, as such, must be joined.

In the instant case the partnership firm was not sued, as such, and judgment was not rendered against the firm. All of the partners composing the firm were sued upon a joint obligation, 54 O.S.1961, § 215, and from the judgment rendered "that plaintiff have and recover judgment from said defendants the sum of $1300.00 together with the costs of this action" it is clear that a joint judgment was entered against the defendants. 49 C.J.S. Judgments § 36 a. The joint liability would not permit a joint and several judgment.

Since all of the partners were before the court in this action and a joint judgment was entered against the defendants for a joint obligation we are unable to conclude that the trial court erred in overruling the demurrer to the petition and in entering a joint judgment upon a proper verdict against the partners. Undoubtedly appropriate proceedings may be taken to subject the partnership assets to the payment of this judgment.

Defendant's last proposition is that it was error for the trial court to instruct the jury, in effect, that proof of a contract between plaintiff and the partnership would support a judgment for plaintiff as against the individual defendants. The gist of the complaint under this proposition is that the partnership, as such was not made a party defendant. As we have seen, such is not necessary under the facts and proceedings in this case.

The judgment of the trial court is affirmed.

The court acknowledges the aid of Supernumerary Judge CLYDE M. FOLLO-WELL in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

BLACKBIRD, C. J., HALLEY, V. C. J. and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.