School District v. Carter.

---

## SCHOOL DISTRICT v. JOHN F. CARTER.

WRITTEN INSTRUMENTS; *Section* 108 *of Civil Code Construed.* A school district owed one Collins for rent, who made a written assignment of his claim to Carter; *held*, in an action by Carter against the district for said rent, that said assignment is such a "written instrument" as is mentioned in section 108 of the civil code, and therefore that an allegation in the petition of the execution of the same "shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

*Error from Shawnee District Court.*

ACTION by *Carter* as assignee of William Collins upon an account for rent. On the trial evidence was given showing

Collins' ownership of the premises, the use and occupation thereof by School District No. 23, Shawnee county, and the value of such use and occupation. Other facts are stated in the opinion. The plaintiff had judgment at the June Term 1872, and the *School District* brings the case here on error.

*Martin, Burns & Case,* for plaintiff in error:

The assignment by Collins to Carter of his claim for the rent in question is not such a "written instrument" as § 108 of the code provides "shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney." The legislature never intended to force a party to verify his denial of an allegation in a pleading about the truth of which he has, and from the very nature of the case can have, no knowledge, or admit the same to be true. We do not believe said § 108 admits of such a construction. The fair construction and meaning of the statute is, that where *a party to the suit* is alleged to have "executed" or "indorsed" a written instrument, his denial thereof shall be verified, or the allegation shall be taken as true. If our construction is correct then the assignment of Collins to Carter was improperly admitted as evidence without any proof that the signature of Collins was genuine, and that the Collins who executed it was the Collins who owned the premises for the use of which Carter seeks to recover. Who can say but *the* William Collins who owned the premises in question may call for his rent at any future day? We think the section of the code above referred to only applies to the execution or indorsement of written instruments *sued upon.*

*A. L. Williams,* for defendant in error:

If § 108 of the code means anything, it means what it says; and, under it, the court did right in admitting the written assignment in evidence without proof of its execution. A section intended to prevent parties from pleading a falsehood ought not to be construed as inviting such pleading. If the allegation of the execution of the instrument were true, the

other party should not deny it. If it were untrue, the party should so affirm under oath. If it was *believed* to be untrue, the denial could be verified on *belief* only. Section 111, code.

The opinion of the court was delivered by

VALENTINE, J.: John F. Carter brought his action against a school district on an account for rent due and owing from the district to one William Collins. Carter alleges in his petition that Collins assigned said account to him by means of a certain *written instrument,* a copy of which written instrument he sets out in full as an exhibit to his petition. The school district answers by a general denial, *without verification.* On the trial the plaintiff Carter offered said written assignment in evidence, to which the defendant (the school district) objected for the reason that it was incompetent, without proof of its execution, which objection was overruled by the court, and the defendant duly excepted. The first and main question to be considered by the court is, whether the assignment by Collins of his claim for the rent in question is such a "written instrument" as is mentioned in § 108 of the civil code, and therefore whether the allegation of the execution of said assignment "shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney:" We know of no reason why said section does not include this written instrument as well as others. Its terms are broad enough, and we suppose it means just what it says. A section intended to prevent parties from pleading a falsehood should not be so construed as to invite such pleading. If the allegation of the execution of the instrument in any given case is true, the other should not deny it. If it is not true, then the other party should so affirm under oath. But if it is *believed* to be untrue only, then the other party may verify his pleading on belief merely. (Code, § 111.) Other errors were assigned in the petition in error, but as they have not since been referred to in the brief of counsel or otherwise we suppose they have been abandoned, and we shall therefore take no notice of them. ( *Wilson v.*

*Fuller,* 9 Kas., 176.) The judgment of the court below is affirmed.

All the Justices concurring.