## M. P. AIKEN & Co. v. J. A. FRANZ.
### No. 35.

1. ACTION ON ACCOUNT — *Verification — Issue.* Where the plaintiff's petition contains an itemized statement of an account, and the same is duly verified by the affidavit of the plaintiff as true, and the same is denied by the answer of the defendant, which answer is duly verified by the affidavit of the defendant, it puts in issue the correctness of such account.

2. ———— *Verification of Pleadings.* Where the answer of the defendant denies the truth of the allegations of the plaintiff's petition, and then sets up a counterclaim and an itemized account thereof, and the same is verified by the affidavit of the defendant as true, the same must be taken as true, unless the denial thereof is verified by the affidavit of the plaintiff, his agent, or attorney.

3. ———— *Verification by Attorney.* Where a pleading is verified by an attorney, in the absence of the party, the affidavit of the attorney should show that he has some personal knowledge of the facts stated in such pleading.

MEMORANDUM.—Error from Pawnee district court; S. W. VANDIVERT, judge. Action by M. P. Aiken & Co. against J. A. Franz. Judgment for defendant.

Plaintiffs bring the case here.   Modified.   The opinion, filed January 17, 1896, states the facts.

*C. N. Sterry*, for plaintiffs in error.

*W. H. Vernon*, and *G. Polk Cline*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. :  On the 14th day of July, 1890, M. P. Aiken & Co., grain commission merchants of Chicago, Ill., commenced an action in the district court of Pawnee county, Kansas, against J. A. Franz, to recover the amount alleged to be due to plaintiffs for overdrafts and commission on the sale of grain consigned by defendant to plaintiffs, for sale on the market at Chicago, Ill.   The petition and amended petition of plaintiffs set out the contract between the parties for the shipment and sale of grain, and the honoring of drafts attached to bills of lading on each shipment, and there is attached an itemized statement of shipments, containing a description of the car, date of the receipt, date of sale, freight, quantity, price, amount, charges on freight, inspection and weight, and commission, the amount of cash paid on each draft and amount received on each sale, with a statement of balance due plaintiffs.   To this petition the defendant in answer denies all the allegations of the petition, except such as are therein specifically admitted.   He admits and states as follows :

"Defendant admits that he shipped grain (wheat and rye) to plaintiffs during the period mentioned in the petition filed herein, and that plaintiffs were to receive the sum of 1 cent per bushel for handling and selling the same, and that defendant was to pay the expenses necessarily incurred in the shipment thereof, but says that this is all he was to pay

plaintiffs.  Defendant further says, that the contract between plaintiffs and defendant was, that defendant should ship the plaintiffs wheat and rye from Larned, Kan., to plaintiffs at Chicago, Ill. ; was to receive the highest market price for the same ; was to notify the plaintiffs immediately after the shipment from Larned of the kind and quantity of grain, and was allowed permission to draw on the plaintiffs for an amount equal to 90 per cent. of the net value of each amount so shipped, according to the highest market price at Chicago, Ill.  On the other hand, the plaintiffs were to receive the sum of 1 cent per bushel for handling and selling the same ; were to inform the defendant of the state of the market, and, if anything was unsatisfactory in regard to the shipping, quality, amount of same claimed by defendant from plaintiffs, they were to notify the defendant immediately.  Defendant further says, that in pursuance of the provisions of said contract defendant was induced to and did ship plaintiffs a large amount of grain (wheat and rye) of the kind and quality and price as set forth in a certain instrument of writing hereto attached, made a part hereof, and marked ' Exhibit A' ; that in pursuance of said contract defendant drew on plaintiffs for the several amounts specified in said ' Exhibit A,' aggregating in the sum of $3,659 ; that there is now due and unpaid this defendant from the plaintiffs the sum of $886.33, all of which is shown by said ' Exhibit A,' all of which is just and correct, together with the interest thereon from the 1st day of November, 1889.''

The remainder of the answer charges the plaintiffs with misrepresentation and fraud in procuring the contract, and for violation of the contract, and for wrongfully converting grain to their own use, and refusing to account to the defendant for the manner in which it was disposed of.  To this answer is attached an itemized statement of account between the parties in the shipment and sale of grain, showing the date of each shipment, the number of car, number of

bushels, price per bushel, kind of grain, freight charges, weighing and commission, the amount of drafts on each shipment, and the balance due to the defendant. This answer is verified as follows :

"J. A. Franz, of lawful age, being first duly sworn according to law, deposes and says : That he is the defendant in the above-entitled cause ; that he has read the foregoing answer and knows the contents thereof ; that the allegations therein contained are true ; that the items in the annexed account marked 'Exhibit A' are just, correct, and a balance of $886.33, as shown thereby, remains due and unpaid."

To this answer the plaintiffs filed a general denial. At the April, 1891, term of the court this cause was called for trial, and the parties announced themselves ready for trial, and a jury was duly impaneled and sworn to try the cause ; and thereupon the attorneys for the defendant moved the court for a judgment against the plaintiffs on the pleadings, and the court, on motion of the plaintiffs' attorney, granted leave to plaintiffs to verify their reply. Thereupon, the plaintiffs not being present, the attorney for plaintiffs verified his reply, as follows :

"*State of Kansas, Pawnee County, ss.*

"Comes now Henry W. Scott, who, of lawful age, being first duly sworn, upon his oath deposes and states, that he is one of the attorneys in the above-entitled cause ; that plaintiff is a non-resident, not residing within the county or state ; and that the foregoing allegations are true, to the best of his information and belief.                        H. W. Scott.

"Subscribed and sworn to before me, this 10th day of April, 1891.            J. B. Gilkison,
                                    *Clerk District Court.*"

After the verification of the reply the attorneys for defendant renewed their motion for judgment on the pleadings, on grounds that the account attached to

defendant's answer was admitted by the reply; that there was due from the plaintiffs to the defendant the amount so admitted, which motion was sustained by the court, and plaintiffs duly excepted to the ruling of the court at the time; and thereupon the court discharged the jury and rendered a judgment upon the pleadings in favor of the defendant and against the plaintiffs for the sum alleged in the answer to be due on the itemized statement attached to the answer. Motion for a new trial was filed by plaintiffs, overruled, and excepted to, and case made by plaintiffs.

There is but one question involved in this case, and that is, did the court err in sustaining the objection of the defendant to the introduction of any evidence by plaintiffs to support their cause of action, and rendering judgment for the defendant on the pleadings? or, in other words, was the allegation in the answer and counterclaim, with the itemized statement attached thereto, and verified in the manner in which it was, such that it must be taken as true, unless denial thereto be verified by the oath of the plaintiffs? The petition sets out the agreement between the parties, and the transactions under the agreement, with an itemized statement of the account, duly verified as true, and shows a balance due to the plaintiffs; but their allegations are partly controverted by the defendant, and he then sets up what he claims to have been the agreement between the parties, substantially as stated by the plaintiffs, but alleges a different result growing out of the performance of the agreement; and also sets out an itemized statement of the account as a counterclaim, and shows by such itemized statement of account that there is a balance due him by reason of the contract and transactions thereunder, and this answer and counterclaim are

duly verified as true, and defendant specifically states in his affidavit, ''that the items in the annexed account marked 'Exhibit A' are just and correct, and a balance of $886.33, as shown thereby, remains due and unpaid.''

We think the answer and counterclaim, with the itemized account, verified as it was, contains such allegations as must be taken as true, unless the denial thereof be verified by the affidavit of the plaintiffs, their agent, or attorney. (Civil Code, § 108.) This answer was filed on the 30th day of January, 1891, and the plaintiffs in a few days thereafter filed an unverified reply. The case stood in this condition until the next term of the court, which occurred about two months thereafter, and when the case was called for trial each party announced itself ready to proceed, and, after the impaneling of a jury, the plaintiffs then asked to be allowed to verify their reply. Leave being granted, the attorney, in the absence of plaintiffs, made the verification of the reply. The question then arises whether or not this verification was a sufficient denial of the itemized account to require the defendant to introduce evidence to prove the same. The reply to the answer of the defendant denies each and every material allegation therein contained, is signed by the attorneys for the plaintiffs, and one of the attorneys for plaintiffs (they being non-residents of the state and being absent from the court) verified the reply as true, to the best of his information and belief. Was this a sufficient verification, under section 114 of the code of civil procedure? This section of the code provides :

''It can be made by the agent or attorney only : *First,* When the facts are within the personal knowledge of the agent or attorney. . . . *Fourth,* When

the party is not a resident of, or is absent from, the county."

The affidavit of the plaintiffs' attorney is insufficient as a verification of the reply, for it does not in any manner show or attempt to show that the attorney had any personal knowledge of the facts set out or involved in the pleadings. We do not think this attempted verification was such as to put in issue the correctness of the defendant's counterclaim; the plaintiffs having failed to deny the truth of the counterclaim under oath, it then stood as admitted. This being so, we must then examine the statement of account and see whether it authorized the court to render the judgment it did. We do not think the court should have rendered judgment for the amount shown by the footing of this account. The court should have examined the account which was admitted as true, and rendered judgment only in accordance with what the account showed on its face. The second item in the account, of date of October 5, charges the plaintiffs with one car of wheat, at $380, but does not show anything in relation to what was done with this shipment; does not give the plaintiffs credit for freight, weighing, inspection, commission, or the draft attached to the bill of lading. This item is so uncertain and indefinite that we do not think it should have been allowed as a charge against the plaintiffs. We must take the statement of account in connection with the allegations of the defendant's answer, which set it up as a counterclaim. The answer alleges that the defendant was to pay all expenses necessarily incurred in the shipment, was to pay plaintiffs a commission of 1 cent per bushel for handling grain at Chicago, and was allowed to draw on each shipment for 90 per cent. of the highest market price at Chi-

6—2 APP.

cago.   The item for $380 should have been deducted from the footing of the account, and judgment rendered for the remainder only.   Therefore the judgment of the district court will be modified by reducing the same to the sum of $467.17, together with. 6 per cent. per annum thereon from the 10th day. of April, 1891, and it is ordered that the costs in this court be equally divided.

All the Judges concurring.