## No. 13,450.

### DENVER NATIONAL BANK *v.* GRIMES.
(47 P. [2d] 862)

Decided July 8, 1935.

Messrs. LEWIS & GRANT, Mr. IRVING HALE, JR., for plaintiff in error.

Mr. Max P. Zall, Mr. Irving Grimes, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

In an action against Otis and Company, a copartnership, defendant in error was given judgment. After the expiration of the term at which judgment entered, and on return of execution wholly unsatisfied, the court, in the sum and of the date of the judgment against the company, entered judgment against a partner, one Sargeant. Thereafter plaintiff in error was garnisheed on an execution issued against Otis and Company and Sargeant, and answered as to the company it owed nothing, but that it owed Sargeant a certain sum. Judgment was entered against plaintiff in error, garnishee, according to its answer. Subsequent to the judgment against it, the garnishee sought to have the entry thereof vacated, contending that the judgment against Sargeant, plaintiff in error's creditor, was null and void, perforce also as to the garnishee. The garnishee's application to vacate the judgment was denied and it sues in error.

At all times important to the cause against Otis and Company, and when the action was instituted, Sargeant was a member of the copartnership, and was so named in the body of the complaint. On the theory of his membership he was served with summons and complaint. He did not answer or otherwise defend against the action. When the court was advised of the unavailing judgment against the company, and being duly moved thereto, it "Ordered that the plaintiff may have execution for the amount due under the verdict and judgment heretofore entered, against the separate property of Raymond Sargeant, and that judgment may be amended and corrected

to include the name of Raymond Sargeant nunc pro tunc as of April 2, 1933."

Whether the court rightly interpreted section 14 of the Code of Civil Procedure (C. L. 1921), comprehends the scope of the assignments. The section reads: "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; but the judgment in such cases shall bind only the joint property of the associates and the separate property of the party served."

It is clear that Sargeant, served with process, was one of "two or more persons," associated and doing business under a "common name," Otis and Company. By that name, the "associates," which included Sargeant, were found to have transacted the business out of which the judgment resulted. Plaintiff in error argues that Sargeant, although he was a member of the copartnership and served with summons, was not a party to the action or subject to judgment therein. We think he was, as a partner. He and his partners had adopted and were using a common name, by which the Code provides "the associates may be sued." "By section 14 of the code, in the case of a claim against a partnership, the members may be sued by their firm name." *Doty v. Irwin-Phillips Co.*, 15 Colo. App. 96, 61 Pac. 188. Although he saw fit to ignore the action, "The summons served was notice to Sargeant that he might appear in the case and set up any defense to the partnership liability and to his liability as a partner." *Sargeant v. Grimes*, 70 F. (2d) 121 (C. C. A. 10). The court had jurisdiction of the cause, of the copartnership, and of Sargeant, a member thereof. The code provision is that judgment, if recovered, "shall bind * * * the joint property of the associates and the separate property of the party served." Why, then, should Sargeant not be held, as a partner, to judgment? How

otherwise, the issuance and enforcement of writs of execution considered, might his "separate property" be bound to the judgment creditor? The Code does not say that judgment shall enter against the copartnership, and not against the summoned partner. Indeed, the word "judgment" occurs only in reference to whose property shall be bound thereby—the joint property of the copartnership and the separate property of the partner served. It is not questioned that under the code provision judgment may go against copartnerships. Why not, also, against a partner served with process, as here? The purpose of a judgment is to enable a creditor to subject property to the discharge of his judicially ascertained claim. Counsel for plaintiff in error call our attention to *Craig v. Smith,* 10 Colo. 220, 15 Pac. 337; *Dessauer v. Koppin,* 3 Colo. App. 115, 32 Pac. 182. We think the cases are not in point. There judgment went against the partner served, and not against the partnership. The right of a partner to have the partnership property applied before there shall be resort to his separate property, is the crux of those cases. Judgment against the partner solely, as there, violated the spirit of the code provision as well as the general rule that firm liabilities, so far as may be, must be discharged out of firm assets. *Ellsberry v. Block,* 28 Colo. 477, 65 Pac. 629. Here, judgment went against the copartnership, and not until execution had been returned wholly unsatisfied, did the court grant judgment against the summoned partner and authorize execution against his separate property. What the court did, as we perceive, was to proceed "in a proper manner" to reach the "individual property of the member * * * served, * * * for the purpose of satisfying" the judicially established but undischarged partnership obligation. *Peabody v. Oleson,* 15 Colo. App. 346, 62 Pac. 234. See, also, *Blythe v. Cordingly,* 20 Colo. App. 508, 80 Pac. 495. We think the learned trial judge sensed the purpose and scope of the code provision and the genius of our decisions. See *Sargeant v. Grimes, supra.*

We do not regard the action taken against Sargeant as an amendment to a judgment "made after the term." The court had, and continued to have, jurisdiction of the partner who had been served. As to him it had not previously entered judgment. What it did as to Sargeant did not change the judgment theretofore entered against the partnership. The conditions warranting, as on this record, and until exercised, the court was empowered to proceed to final judgment against Sargeant. In *Doherty & Co. v. Youngblut*, 66 Colo. 594, 185 Pac. 257, cited by plaintiff in error, the court was not discussing code section 14. The nunc pro tunc order was unnecessary and may be disregarded. As to Sargeant, nothing was done as of a time earlier than when judgment actually went against him. We do not perceive error.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE BOUCK concur.