## ASPLUND et al. v. PEARCE, PORTER & MARTIN.

No. 26903. Nov. 23, 1937.

Wilson & Wilson, for plaintiffs in error.
Wedgwood & Houk, for defendants in error.

WELCH, J. In the trial court a directed verdict was returned against the defendants in a suit upon a promissory note. The parties will be referred to as plaintiffs and defendants, as they appeared in the trial court.

The defendants first complain that the suit is brought in the name of a partnership, Pearce, Porter & Martin, and assert that it is the law that suits must be brought in the names of the individuals comprising the partnership rather than in the partnership name. The general rule in this regard is stated in 47 C. J. 952, paragraph 471, as follows:

"Although there is authority to the contrary, unless otherwise provided by statute, an action cannot be brought by or against a partnership in the firm name alone, but the name of each member must be set out."

This court has incidentally noted the general rule in Kale v. Humphrey, 67 Okla. 197. 170 P. 223. wherein it was held that the inhibition may be waived. See, also, Leader Printing Co. v. Lowry, 9 Okla. 89, 59 P. 242. But we do not have a case here where the action is brought in the partnership name only without in any way disclosing the names of the partnership. The petition here alleges. "That plaintiff is, and during all the time hereinafter mentioned, was a copartnership, consisting of J. P. Pearce and Hunter L. Martin." Thus it is shown that the actual parties in interest as plaintiff are J. P. Pearce and Hunter L. Martin, who compose the partnership.

The note here was given to "Pearce, Porter & Martin," and the petition specifically designates the persons comprising the partnership firm and effectively discloses the persons for whose benefit the suit is brought. Under the facts here, we hold that plaintiff has complied substantially with the rule above noted in that regard. Orr v. How, 55 Mo. 328.

It is asserted that the firm name of Pearce, Porter & Martin is a fictitious name within the meaning of section 11662, O. S. 1931, and that no certificate stating the names in full of all the members of such

partnership, etc., had been filed and published as required by said provision of the statute, and that therefore plaintiff could not maintain this suit. The fact that the partnership name contained the name of "Porter," who was not then a member of the firm, did not make this partnership name fictitious under the rule as applied in Bolen v. Ligett, 49 Okla. 788, 154 P. 547, which is controlling on the point here. See, also, Pendleton v. Cline, 85 Cal. 142, 24 P. 659. The partnership name here did, in fact, disclose the names of the partners as alleged in the petition, and under the cited cases sufficiently informed the defendants with whom they were dealing and to whom they must answer at suit, which satisfies the purpose of the act, as discussed in Smith v. Woods, 33 Okla. 233, 124 P. 1088, wherein this court said:

"The purpose of the act is well stated by Judge Bierer in the Swope v. Burnham, etc., Case, supra. It is to put the parties who are doing business with a fictitious partnership upon the same plane as the members of the concern in so far as information may be necessary to know with whom they are dealing. * * * "

We conclude that there is no error in denying defendants' attacks in this respect.

It is next urged that plaintiff's reply was not properly verified, and therefore did not constitute a denial of the allegations of agency contained in the defendants' answer. It is contended in this connection that the trial court erred in overruling defendants' motion to strike the verification, and in proceeding throughout the trial upon the theory that the plaintiff's pleadings sufficiently denied the defendants' allegations of agency.

The reply was verified in the following language:

"State of Oklahoma, Garfield County—ss. H. Z. Wedgwood, being first duly sworn, deposes and says that he is attorney for the plaintiff in this action. That he knows the contents of the foregoing reply, and that the allegations therein are true, as he is informed and believes. That no member of the plaintiff is within Garfield County, Oklahoma, to verify this pleading. H. Z. Wedgwood. Subscribed and sworn to before me this 9th day of July, 1934. Mima Townley, Notary Public. My commission expires March 8, 1937. Seal."

Section 220, O. S. 1931, provides in part:

"In all actions, allegations of the execution of written instruments and endorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, *. * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Section 226, O. S. 1931, provides in part:

"Where the affidavit is made by the agent or attorney, it must set forth the reason why it is not made by the party himself. It can be made by the agent or attorney only:

"First. When the facts are within the personal knowledge of the agent or attorney.

"Second. When the plaintiff is an infant, or of unsound mind, or imprisoned.

"Third. When the pleading to be verified is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney.

"Fourth. When the party is not a resident of, or is absent from the county."

It is urged that an attorney may not verify a pleading unless he has "personal knowledge" of the facts and same is so reflected in the verification. The case of Aiken v. Franz, 2 Kan. App. 75, 43 P. 306, is relied upon in this connection. There is a clear distinction in the language employed in the cited Kansas case and the language used in the verification here.

Section 223, O. S. 1931, provides:

"The affidavit shall be sufficient if it states that the affiant believes the facts stated in the pleadings to be true."

It is to be observed that the verification here contains the following language:

"And that the allegations therein are true, as he is informed and believes."

One may have personal knowledge of facts from information which he believes to be true within the meaning of section 226, supra. The language of the verification in the Kansas case which is material on the point is:

"And that the foregoing allegations are true, to the best of his information and belief."

It is to be noted that in the instant case there is an affirmative statement that the affiant has information of the facts, which he believes. In the Kansas case there is no affirmative statement that the affiant has any information whatsoever concerning the facts. It would appear that the court in the Aiken Case, supra, considered

affiant's statement as evasive rather than as a positive statement upon knowledge or information derived from some source.

In School District v. Carter, 11 Kan. 445, the Supreme Court of Kansas says that if the party believes something to be untrue only, then he may verify his pleadings on belief merely.

In the instant case the attorney in the verification gave the reason why the party did not verify the reply; that reason was that the plaintiff was not within the county. That is one of the instances in which the attorney may verify by section 226, supra; he stated that he had information concerning the facts stated, and that by reason of such information and his belief thereof, the statements in the reply were asserted to be true under his oath. For a considered discussion of the verification of pleadings upon information and belief, see Caldwell, Exec., v. Baxter, 158 Okla. 76, 12 P. (2d) 509. We think the verification of the reply was sufficient to constitute a denial of the allegations of agency contained in the defendant's answer, and, therefore, the trial court did not err in its rulings in connection therewith.

It is next urged that the trial court erred in sustaining a demurrer to the defendants' evidence and directing a verdict in favor of plaintiff.

One of the principal grounds of defense was that of novation.

There was competent evidence to the following effect: Plaintiffs were agents of Southern Surety Company in procuring surety bonds and collecting premiums thereon. Defendants were engaged in the construction business and had procured certain surety bonds of the Southern Surety Company through plaintiffs as such agents. Defendants owed certain premiums on such bonds; one Heit and another person had prevailed upon defendants to execute the note sued upon herein, payable to plaintiffs, for the amount of such unpaid premiums. It is alleged in defendants' answer that said Heit was the agent of the Southern Surety Company and of the plaintiff, Pearce, Porter & Martin. Several months after Heit procured said note. he entered into an agreement with defendants employing them to do certain construction work

for Southern Surety Company, and agreed that when such work was completed the parties to such agreement would consider the note paid thereby, and Southern Surety Company would pay to defendants the additional difference in cash. The defendants complied with such agreement, and after the work was completed the amount due the defendants therefor amounted to considerably more than the amount of the note. It is not disputed that Heit was the duly authorized agent of Southern Surety Company and there is evidence to the effect that he officed with the manager of the Oklahoma City office of Pearce, Porter & Martin and assisted such manager in procuring surety bonds for Southern Surety Company and in · collecting the premiums thereon, 'and had done so in the regular course of business for a considerable time before the transactions herein involved.

There was evidence to the effect that after the note was procured by Heit and delivered to the manager of plaintiff's Oklahoma City office, the same was forwarded to plaintiff's home office 'at Tulsa, and that the Oklahoma City office had no further authority to deal with such note. There is further evidence that Heit informed the manager of the Oklahoma City office of the last-mentioned agreement with defendants, and that such manager agreed to same, and, upon the other hand, there is evidence that such manager had no authority to enter into such agreement. There is some considerable conflict in the evidence and some of the above-mentioned evidence is disputed.

We have no doubt, however, that the entire evidence is sufficient to take the case to the jury on the question of 'agency and the agreement entered into subsequent to the execution of the note.

There are other questions presented which we do not consider necessary or advisable to determine here, inasmuch as the cause must be remanded for a new trial. The errors, if any, are not likely to again occur upon retrial, 'and a further discussion is therefore unnecessary.

The cause is reversed and remanded, with instructions to grant a new trial.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.