FOWLER v. BROOKS et al.

No. 31190. Feb. 8, 1944.

*146 P. 2d 304.*

Howard K. Berry, of Oklahoma City, and Hugh M. Bland and G. L. Grant, both of Fort Smith, Ark., for plaintiff in error.

Varner & Varner and A. E. White, all of Poteau, and S. G. Stigler, of Stigler, for defendants in error Rufus Powell and Lewis Pridmore.

ARNOLD, J. Herman Fowler, plaintiff below, filed this action in the district court of Le Flore county against Bill Brooks, Loren Russell, Lewis Pridmore, Rufus Powell, Mrs. Henry Molthan, F. D. Buetelshies, John S. Stewart, individually, and F. D. Buetelshies and John S. Stewart, doing business under the firm name of Stewart & Buetelshies, and Opal Lee Molthan. The plaintiff alleged that on December 4, 1936, he filed a claim in the State Industrial Commission for compensation for injuries he received on November 16, 1936, while he was an employee of the Russell-Brooks Coal Company; that he received temporary disability benefits until June 24, 1937; that on October 19, 1939, the commission found that by rea-

son of such injuries he was permanently and totally disabled and awarded compensation for 500 weeks; that the award was not paid, and on February 13, 1940, it was filed in the district court of Le Flore county; that execution was issued thereon and returned "no property found"; that the Russell-Brooks Coal Company is insolvent and he is unable to collect his award at law. He further alleged that the award is effective against all of the above-named defendants, as well as the Russell-Brooks Coal Company, for the reasons that the defendant company was owned by the other named defendants; that such defendants were copartners operating under the name of the Russell-Brooks Coal Company; that large sums of money were received by the Russell-Brooks Coal Company, but that all the money received by it was commingled and mixed with the money and funds of the several individual partners; that they did not pay the partnership debts; that said named defendants conspired together and formulated a plan for the sole purpose of unjustly and unlawfully escaping the just liabilities which might be incurred during the course of the operation of the business of the partnership; that pursuant to such plan they organized the Russell-Brooks Coal Company; that said defendants, in fact, constitute the Russell-Brooks Coal Company; that notice of the filing of the claim before the Industrial Commission was served upon the Russell-Brooks Coal Company, Rufus Powell, and Lewis Pridmore; that the notice was in fact notice to the copartnership comprised of all of the named defendants; that the judgment and award against said partnership, Russell-Brooks Coal Company, is in fact and in equity and ought to be adjudged by this court to be a judgment against all of said named defendants; that the property of each and every individual member of said copartnership should be applied to the satisfaction thereof; that at the time of the hearing before the Industrial Commission the plaintiff had no knowledge of the real method of operation of the defendants; that he was led to believe that Bill

Brooks and Loren Russell composed said partnership, and that defendants Powell and Pridmore had nothing to do with the operation of the company's business, and that Powell and Pridmore fraudulently procured a dismissal as to them by the State Industrial Commission.

The plaintiff then prayed that he have a judgment against all the named defendants doing business as Russell-Brooks Coal Company; that it be determined that Russell-Brooks Coal Company, Rufus Powell, Lewis Pridmore, Bill Brooks, Loren Russell, Mrs. Henry Molthan, John S. Stewart, F. D. Buetelshies, and Opal Lee Moltham are in fact and in equity one; he further prayed that said award be determined effective as a record judgment against all the named defendants and that the award should be collected out of their personal property.

All the defendants filed separate demurrers alleging that the district court had no jurisdiction of the subject matter; that the State Industrial Commission of the State of Oklahoma had exclusive jurisdiction thereof, and that the petition did not state facts sufficient to constitute a cause of action. All demurrers were sustained. The plaintiff elected to stand upon his petition, and thereupon the court dismissed the action. Defendants in error Rufus Powell and Lewis Pridmore have filed their joint brief herein, but none of the other defendants in error have filed a brief. The named defendants in error argue three propositions:

First. The district court has no jurisdiction of the subject of the action, but the State Industrial Commission has exclusive jurisdiction thereof.

Second. The issue between the plaintiff and the defendants Rufus Powell and Lewis Pridmore has been decided against the plaintiff by the State Industrial Commission; its award has become final, and the matter is therefore res judicata.

Third. The appeal should be dismissed because the transcript filed was fatally defective and was not corrected until after the time for appeal had expired.

Every general partner is liable jointly with his copartners to third persons for all the obligations of the partnership (54 O. S. 1941 § 40), but the partnership is a distinct entity from the individuals who compose it. However, partners as such are not directly or personally liable on a debt or liability of the partnership. Their liabilities arise out of their connection with the firm and are traceable only through the firm and must be established by a judgment against the firm. No personal judgment may be entered against a partner as such; his property may be subjected to payment of the partnership liability when the assets of the partnership are insufficient to pay its obligation. Holmes et al. v. Alexander, 52 Okla. 122, 152 P. 819; Ann. Cas. 1918D, 1134; Hassen et al. v. Rogers et al., 123 Okla. 265, 253 P. 72.

In a suit against a partnership, service upon one of the partners is sufficient to confer jurisdiction upon the court to render judgment against the partnership entity. 12 O. S. 1941 § 178.

A judgment against a partnership is a necessary precedent to any judgment that would have the effect of subjecting the property of the individual members to payment of partnership obligations. In the case of Heaton v. Schaeffer, 34 Okla. 631, 126 P. 797, 43 L.R.A. (N.S.) 540, we said:

". . . The members of a firm are not directly liable upon a debt of the partnership, but their liability arises out of their connection with the firm, and is only traceable through the firm and must be established by a judgment against the firm."

A judgment on a partnership liability should be against the partnership; in a proper manner the individual property of the member or members served or who appeared and defended in the action against the partnership, thereby waiving service, may be reached for the purpose of satisfying it in the event that the partnership property is insuffi-

cient. See Hassen et al. v. Rogers, supra; White v. Tulsa Iron & Metal Corporation, 185 Okla. 606, 95 P. 2d 590; St. Louis Trading Co. et al. v. Barr, 168 Okla. 184, 32 P. 2d 293, 296. In a suit against a partnership it is error to render a personal or individual judgment against any of the partners even though served. Bearman et al. v. Bracken et al., 112 Okla. 237, 240 P. 713; Heaton v. Schaeffer, supra. See, also, Denver National Bank v. Grimes, 97 Colo. 158, 47 P. 2d 862, 100 A.L.R. 994, 997.

85 O. S. 1941 § 3 defines an employer as meaning: "a person, partnership, association, corporation, . . ." Section 24 thereof, in part, provides: "That, if the employer be a partnership then such notice may be given to any one of the partners, . . ." Under the Workmen's Compensation Act a claim may be maintained before the Industrial Commission against a partnership as employer in the firm name, and the giving of the required notice of injury to one of the partners is sufficient.

The award of the Industrial Commission involved in the case before us is admitted by all parties to be valid against the Russell-Brooks Coal Company, a copartnership. As far as we can determine from the record there was no issue before the Industrial Commission as to the existence of the partnership nor as to the membership thereof.

Pertinent to the issues herein the final order of the Industrial Commission is as follows:

"Herman Fowler, )
　　　　　　　　　Claimant,)
　　vs　　　　　　　　　　　)
"Russell-Brooks Coal 　　)
　　Company, Respondent) No. B-2349"
No Insurance 　　　　　　)
"Rufus Powell and 　　　)
Lewis Pridmore 　　　　　)
　　　　　　Respondents)

"(1) That on the 16th day of November, 1936, the Claimant was in the employ of the Respondent, Russell-Brooks Coal Company, engaged in a hazardous occupation, covered by and subject to the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury, arising out of and in the course of his employment, To-wit: Compression Fracture of Lumbar Vertebrae and resulting paralysis of the lower extremities.

"(2) That at the time of said accidental personal injury Claimant's average wage was approximately $6.00 per day, fixing his rate of compensation at $18.00 per week.

"(3) That as a result of said accidental personal injury Claimant was temporarily totally disabled from the date of said accident until June 24th, 1937.

"(4) That as a further result of said accidental injury Claimant is now and has been at all times since said 24th day of June, 1937, permanently and totally disabled.

"That the Respondents, Lewis Pridmore and Rufus Powell are improper parties respondent herein and should be dismissed as such.

"Upon consideration of the foregoing facts The Trial Commissioner finds . . . it is therefore ordered by the trial commissioner, That the respondents, Rufus Powell and Lewis Pridmore, be and they are hereby dismissed as parties respondent herein."

It appears therefrom that in some manner not fully disclosed by the record the defendants below, Rufus Powell and Lewis Pridmore, as individuals, were made parties respondent before the Industrial Commission. As above disclosed, unless they, or either of them, were individually the employer of the plaintiff, an award could not have been entered personally or individually against either regardless of whether they were members of the partnership. See Palle v. Industrial Commission of Utah, 79 Utah, 47, 7 P. 2d 284, 81 A.L.R. 1222. The commission having determined that the partnership was the employer, Powell and Pridmore were not necessary parties, and the commission correctly determined that they were improper parties respondent and dismissed the claim as to them; that action by the

commission in no way affected the right of the claimant to enforce payment of the award out of their individual property. The joint and individual responsibility of the partners for partnership liabilities is fixed by statute.

85 O. S. 1941 § 42 provides:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable therefor, the commission may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall be entered on the judgment docket of the district court, and shall have the same force and be subject to the same law as judgments of the district court. Upon the filing of such certified copy of the commission's award a writ of execution shall issue and such process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by the Code of Civil Procedure."

In compliance therewith the award, not having been paid, was filed in the district court of Le Flore county. Execution was issued thereon against the partnership and returned "no property found." The effect of the present action is an effort by the judgment creditor to proceed against the individual property of each partner as well as to sequester property of the partnership alleged to be fraudulently held by the individual partners. As hereinbefore indicated, where the judgment against a partnership cannot be enforced because of insufficient partnership property, the judgment creditor may proceed in a proper manner against the individual property of each partner served with notice of injury for which claim for compensation was made before the Industrial Commission or who appeared and defended therein even though not served. Any action necessary to the enforcement thereof or any action taken to prevent the enforcement thereof can only be maintained in a court of compe-

tent jurisdiction. The Industrial Commission has only such jurisdiction as is provided by statute. The Workmen's Compensation Law makes no provision for the enforcement of awards by the Industrial Commission. If an award is not paid, it may be filed in the district court where it has the same force and effect as judgments rendered in the district court. Section 42, supra. See Hickman v. Gumerson, 190 Okla. 514, 125 P. 2d 765. We know of no other method of enforcing an award of the Industrial Commission under the circumstances maintaining herein.

A determination by the Industrial Commission of who are the partners is not a necessary incident to the rendering of an award against a partnership, though a determination of the members thereof would, no doubt, be binding upon the parties appearing or who were served where the issue was presented to the commission and a finding made in the award. There has never been a determination of the membership of the Russell-Brooks Coal Company. Such determination may be made when the question necessarily arises in a proceeding in a court of competent jurisdiction to trace and apply property of the partnership or subject the property of the partners to payment of the judgment. It follows that the demurrers of the defendants should not have been sustained and it was error to do so.

Judgment reversed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, J., dissents.