R. W. SOUTHARD, Stanley D. Post, Joseph D. Fitzgerald, Thomas W. Martin, Betty C. Martin, Chloe Mills, Roy Pooler, et. al., Plaintiffs in Error,

v.

OIL EQUIPMENT CORPORATION, Defendant in Error.

No. 37035.

Supreme Court of Oklahoma.

Feb. 28, 1956.

Rehearing Denied May 2, 1956.

Wheeler & Wheeler, John M. Wheeler, John Wheeler, Jr., Robert L. Wheeler, Tulsa, for plaintiffs in error.

Farmer, Woolsey, Flippo & Bailey, Tulsa, of counsel, Sam T. Allen, III, Sapulpa, for defendant in error.

DAVISON, Justice.

This is an action brought by the plaintiff, Oil Equipment Corporation, for the possession of certain oil well casing and for the money rental due thereon under the terms of an alleged written contract. The defendants, Roy Pooler who was personally served with summons, and Joseph D. Fitzgerald, Thomas W. Martin, Betty C. Martin, Chloe Mills, John B. Webber, Ed Webber, Nettie Webber, Edmund Donnohue, Cosette Don-

nohue, Verne C. Eitemiller who were non-residents and were served by publication are the appellants here. The other defendants are bound by the judgment. The parties will be referred to as they appeared in the trial court.

After impaneling a jury, the trial court rendered judgment for plaintiff upon the pleadings and opening statement of counsel. Therefore the statement of facts herein is, in reality, a statement of alleged facts in so far as the merits are concerned. The non-resident defendants above named, here urge the question of jurisdiction of the trial court to render a personal judgment against them. After being served by publication, they filed motions to quash said service and pleas as to the jurisdiction. Said motions were overruled and time allowed for answer. Under the provisions of 12 O.S.1951 § 630, it was not necessary for the defendants to formally except to the ruling of the court in order to preserve the question for presentation on appeal. The cited statute was discussed in the case of McCarty v. Durham, Okl., 266 P.2d 629. Having properly objected to the process and the jurisdiction, the defendants' "action in defending the suit was merely under protest and without prejudicing their assertion of the lack of jurisdiction of the court." Fisher v. Fiske, 96 Okl. 36, 219 P. 683, 685; First State Bank of Tuskahoma v. J. B. Klein Iron & Foundry Co., 180 Okl. 42, 68 P.2d 777; Kansas, O. & G. R. Co. v. Smith, 190 Okl. 103, 125 P.2d 180; Bingham v. Williams, Okl., 264 P.2d 751.

Under this state of the record the trial court was without jurisdiction to render a personal judgment against the non-resident defendants.

"No valid personal judgment can be obtained against a party unless he is personally served with process within the state or voluntarily enters his appearance." Continental Gin Co. v. Arnold, 66 Okl. 132, 167 P. 613, 618, L.R.A.1918B, 511; Pettis v. Johnston, 78 Okl. 277, 190 P. 681.

The remaining questions presented by this appeal are as to the correctness of the per-

sonal judgment rendered against the defendant Pooler. He disclaimed any interest in the casing and does not attack the judgment in so far as it relates to the ownership and possession of the property. However, a brief statement of the facts alleged is necessary for a consideration of the judgment in personam.

Any allegations bearing solely upon the right to possession will be disregarded. In his petition, plaintiff alleged that, on October 10, 1953, the defendants, Mayfield, executed an oil and gas lease covering a described 80-acre tract of land in Creek County, Oklahoma, to the defendants, W. E. Mills and R. W. Southard, the latter using the trade name of Southard Oil Company; that said Southard assigned undivided interests in said lease to named defendants (the list including Pooler and the non-resident defendants, appellants here). The contents and the dates of the assignments were not disclosed by allegation or exhibit but were merely identified by book and page as recorded in the county clerk's office. The plaintiff further alleged that the defendants, Mills, Southard, Pooler and the non-residents entered into an agreement to develop said property for oil and gas purposes and to share the profits and losses incident thereto; that said defendants thereby became mining partners and liable as such for development costs.

Plaintiff then alleged that the defendant, W. E. Mills, and plaintiff entered into a contract whereby said plaintiff rented certain casing to Southard for the development of the lease; that, in the execution of said contract, Mills was acting individually and as the duly authorized agent for Southard, Pooler and the others and that the casing was installed in a well on the leased premises. A copy of the contract was attached to the petition as an exhibit, the opening paragraph and the signatures being as follows:

"This Contract And Agreement Made And entered into in duplicate on this 10th day of November, 1953, by and between Oil Equipment Corporation of Tulsa, Oklahoma, hereinafter designated as first party, and Southard Oil Company of Sioux City, Iowa, hereinafter designated as second party.

"Oil Equipment Corporation
"By Harry Robbins /S/
"President Southard Oil Co.,
"By W. E. Mills /S/
"Superintendent

"Attest:
"E. Hughes /S/
"Secretary.
"(Seal)"

Plaintiff further alleged that, by reason of said contract, Southard, Mills, Pooler and the others agreed to pay plaintiff the rental value of the casing as provided therein. Plaintiff prayed for possession of the pipe and for a money judgment against the individual defendants in the amount of $1,575, the rental value of the pipe from the date of the contract to the filing of the petition herein on October 21, 1954.

The answer of Pooler contained a general denial and an admission of ownership of 5% of 87½% interest in the lease by reason of an assignment thereof on November 27, 1953 by Southard which contained the following provision,

"One well to be drilled by R. W. Southard at his expense and completion cost to be paid by all, in proportion to per cents owned."

The answer contained a specific denial of agency of Mills in executing the rental contract and the same was verified in the following manner,

"John Wheeler, Jr., of lawful age, being first duly sworn upon oath states:

"That he is attorney for the defendant, Roy Pooler, herein; that said defendant is a non-resident and is absent from the State of Oklahoma; that affiant is authorized to execute this affidavit, and that the matters and things contained in the fore going answer are true and correct, as affiant verily believes."

Plaintiff's motion for judgment on the pleadings was granted by the trial court because "there is no issue of whether or not

they (the defendants) were mining partners." Thereupon, personal judgment was rendered against the individual defendants.

An analysis of the pleadings leads to several conclusions. There is grave doubt that the petition with the exhibit thereto states any cause of action in personam against any of the defendants, other than Southard and Mills; there is no cause of action stated against the alleged partnership, nor was any relief prayed for or granted against that entity. The only cause of action for money judgment against Pooler, which was possibly stated was that arising by reason of the agency of Mills in executing the contract.

 Many of the rules of law, applicable to actions against partnerships, together with supporting authority, are enumerated in the case of Fowler v. Brooks, 193 Okl. 580, 146 P.2d 304, 307. They are as follows:

"Every general partner is liable jointly with his copartners to third persons for all the obligations of the partnership. (54 O.S.1941 § 40) but the partnership is a distinct entity from the individuals who compose it. However, partners as such are not directly or personally liable on a debt or liability of the partnership. Their liabilities arise out of their connection with the firm and are traceable only through the firm and must be established by a judgment against the firm. No personal judgment may be entered against a partner as such; his property may be subjected to payment of the partnership liability when the assets of the partnership are insufficient to pay its obligation. Holmes v. Alexander, 52 Okl. 122, 152 P. 819, Ann.Cas.1918D, 1134; Hassen v. Rogers, 123 Okl. 265, 253 P. 72.

"In a suit against a partnership service upon one of the partners is sufficient to confer jurisdiction upon the court to render judgment against the partnership entity. 12 O.S.1941 § 178.

"A judgment against a partnership is a necessary precedent to any judgment that would have the effect of sub-

jecting the property of the individual members to payment of partnership obligations. In the case of Heaton v. Schaeffer, 34 Okl. 631, 126 P. 797, 798, 43 L.R.A.,N.S., 540, we said: '* * * the members of a firm are not directly liable upon a debt of the partnership, but their liability arises out of their connection with the firm, and is only traceable through the firm, and must be established by a judgment against the firm.'

"A judgment on a partnership liability should be against the partnership; in a proper manner the individual property of the member or members served or who appeared and defended in the action against the partnership, thereby waiving service, may be reached for the purpose of satisfying it in the event that the partnership property is insufficient. See Hassen v. Rogers, supra; White v. Tulsa Iron & Metal Corporation, 185 Okl. 606, 95 P.2d 590, 125 A.L.R. 609; St. Louis Trading Co. v. Barr, 168 Okl. 184, 32 P.2d 293, 296. In a suit against a partnership it is error to render a personal or individual judgment against any of the partners even though served. Bearman v. Bracken, 112 Okl. 237, 240 P. 713; Heaton v. Schaeffer, supra. See also Denver National Bank v. Grimes, 97 Colo. 158, 47 P.2d 862, 100 A.L.R. 994, 997."

 Neither the petition nor the judgment in the action now before us meets requirements as above outlined. Even if a cause of action against the partnership had been pleaded and proven, it was error to render a personal judgment against Pooler by reason thereof. Bearman v. Bracken, supra.

 Relying upon the case of Caldwell v. Baxter, 158 Okl. 76, 12 P.2d 509, 513, plaintiff contends that a verified general denial is not sufficient to put in issue the existence of a partnership. The opinion in the cited case is long. Segregating any one part of it could lead to misinterpretation. That case held that an affidavit to the effect " ' "that the facts therein stated are true" ' "

does not verify a mere general denial, containing no statement of fact. It was therein said,

"Of course, if defendant had filed a verified general denial, the same would have been sufficient to join issue on the execution of a written instrument. Lilly v. Russell & Co., 4 Okl. 94, 44 P. 212. This the defendant failed to do. The purpose of pleading is to join issue and not to evade the same."

Herein, the affidavit stated that "the matters and things contained in the foregoing answer are true," which is sufficient to verify the general denial and also the specific denial of agency of Mills. As to being made by the attorney for defendant, it was sufficient under the opinion in the case of Asplund v. Pearce, Porter & Martin, 181 Okl. 320, 73 P.2d 866. In the cited case, it was held that, if facts are stated in the pleading, the affiant must state that he has information thereon. That opinion was distinguishing the situation there from that in the case of Aiken v. Franz, 2 Kan.App. 75, 43 P. 306. It was then pointed out that,

"In School District No. 23 [Shawnee County] v. Carter, 11 Kan. 445, the Supreme Court of Kansas says that if the party believes something to be untrue only, then he may verify his pleadings on belief merely." [181 Okl. 320, 73 P.2d 868.]

That holding is determinative of the question here raised.

As above pointed out, although a partnership was alleged to exist, the defendants were sued in their individual capacities. Therefore, the verified denial of the partnership was not required under the provisions of 12 O.S.1951 § 286. Under similar statute this same conclusion was reached in the case of Aetna Life Ins. Co. of Hartford, Conn. v. Weatherhogg, 103 Ind. App. 506, 4 N.E.2d 679.

Since the petition contains an allegation that Mills was acting as the duly authorized agent of Pooler in entering into the rental contract and since that issue is properly put in issue by the verified denial, the cause must be remanded for trial on that issue as to Pooler. Because of its importance in further proceedings, one other proposition, here presented by the parties, should be determined. The answer sets out one of the provisions in the assignment from Southard to Pooler. It is hereinabove quoted. That provision, in itself, does not create a mining partnership between the lessees nor fix any personal liability upon Pooler for the rental of the casing here involved. Such was the conclusion of this court in the case of McAnally v. Cochran, 170 Okl. 368, 46 P.2d 955, 957, wherein there is a full discussion of the question together with citation of supporting authority. Therein, the earlier case of Ash v. Mickleson, 118 Okl. 163, 247 P. 680, was quoted as follows:

" 'A mining partnership or joint adventure cannot exist, unless there is a co-operation among the parties in the development of a lease for oil and gas, each agreeing to pay his part of the expenses and to share in the profits and losses.

" 'Where it is the intention of the parties that a partnership is to become effective upon the happening of a certain contingency, or is to take effect at a future day, the relation of partners does not exist.' "

What further proof the plaintiff will be able to produce as to the authority of Mills to bind the defendant, Pooler, is not disclosed by the record.

The judgment in so far as it is in rem is affirmed and, in so far as it is in personam, it is reversed as to all appealing defendants and as to the defendant, Roy Pooler, the cause is remanded for further proceedings not inconsistent with the views herein expressed.