STATE INSURANCE FUND, a Department of the State of Oklahoma, Appellant,

v.

AAA ENGINEERING & DRAFTING, INC., a corporation, C. Ross Anderson, Michael D. Reese, individuals, Appellees.

No. 76771.

Supreme Court of Oklahoma.

Nov. 2, 1993.

State Insurance Fund by Jeffrey P. Jordan, Rodney Hayes, and Harold G. Clark, Jr., Oklahoma City, for appellant.

Donald W. Garrison, Oklahoma City, for appellees.

HODGES, Chief Justice.

The dispositive issue in this case is whether the corporate officers of a foreign corporation can be held personally liable for the premiums on a workers' compensation policy which became due while the corporation was suspended from doing business in Oklahoma when suit was not filed until after the corporation's reinstatement. We answer in the affirmative.

Defendant, AAA Engineering & Drafting, Inc. (AAA), is incorporated in the state of Utah and licensed to do business in the state of Oklahoma. The other defendants, C. Ross Anderson and Michael D. Reece

(collectively Officers), are the president and the vice-president respectively of AAA.

Between May 1, 1988, and December 21, 1988, the defendants allegedly contracted with the plaintiff, State Insurance Fund (Fund), for workers' compensation insurance. During this period, AAA's license to do business in Oklahoma was suspended for failure to pay franchise taxes. The taxes were paid in November of 1989, and AAA's license was reinstated.

On December 1, 1989, the Fund filed suit against the defendants for unpaid premiums on the workers' compensation insurance. The defendants filed a motion to dismiss alleging that section 1212 of title 68, under which the suit was brought, does not apply to foreign corporations. The trial court dismissed the Officers, finding that section 1120 of title 18 precluded holding the Officers personally liable for the debts of the corporation after the corporation had been reinstated.

The Fund appealed. The Court of Appeals agreed with the Officers and affirmed the trial court. This Court granted certiorari.

Section 1120(E) of title 18 [1] provides that the reinstatement of a certificate of incorporation after suspension validates the acts of the officers and bridges the suspension to the effect that acts which occurred within the period of suspension are treated as acts of the corporation. Under the defendants' theory, the reinstatement of the corporation's license to do business in Oklahoma cuts off the personal liability of the Officers if suit is not filed during the period of suspension.

The Fund does not disagree with the defendants' analysis of section 1120(E). However, the Fund argues that there is a conflict between section 1120(E) and section 1212(c) of title 68 [2] and that section 1002(B) of title 18 [3] mandates that the conflict be decided in favor of section 1212.

The defendants argue that section 1212(c) can be construed consistently with section 1120(E), and section 1002(B) need not be utilized. They argue that, if section 1212(c) is construed to mean that suit against the Officers must be initiated before reinstatement of the license, then section 1120(E) and 1212(c) are not in conflict and section 1002(B) does not come into play.

■ We rejected the defendants' argument in *Bethlehem Steel Corp. v. Giese*, 681 P.2d 769, 770 (Okla.1984), that section 1212(c) provides that the Officers liability would be extinguished if suit is not filed before reinstatement. In *Bethlehem Steel*, the officers argued that the reinstatement of the corporation related back to the date

---

1. Okla.Stat. tit. 18, § 1120 (1991), is titled "Renewal, revival, extension and restoration of certificate of incorporation." Subsection E provides:

Upon the filing of the certificate [for extension, restoration, renewal, or revival], the corporation shall be renewed and revived with the same force and effect as if its certificate of incorporation had not become forfeited, or had not expired by limitation. Such reinstatement shall validate all contracts, acts, matters and things made, done and performed within the scope of its certificate of incorporation by the corporation, its officers and agents during the time when its certificate of incorporation was forfeited or after its expiration by limitation, with the same force and effect and to all intents and purposes as if the certificate of incorporation had at all times remained in full force and effect....

2. Okla.Stat. tit. 68, § 1212(c) (1991) provides:
Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this state shall be so forfeited, shall as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this state after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners.

3. Okla.Stat. tit. 18, § 1002(B) (1991), provides:

Any conflicts with the provisions of the Oklahoma General Corporation Act [Okla. Stat. tit. 18, §§ 1001–1155] and any tax or unclaimed property laws of this state shall be governed by the tax or unclaimed property provisions, including those provisions relating to personal liability of corporate officers and directors.

of suspension. Relying on section 1212(c), they surmised that upon reinstatement their personal liability was extinguished. This Court rejected that argument and found the operative time was the date the debts were incurred, not the date of reinstatement. Therefore, section 1212(c) does not provide that the Officers' personal liability is contingent on suit being filed during the suspension period.

■ The questions then are whether section 1212(c) applies to foreign corporations and whether the General Corporation Act, which was enacted after the decision in *Bethlehem Steel*, changes the analysis underlying the decision in that case. In the trial court, the defendants argued that section 1212(c) does not apply to foreign corporations because section 1212(a) allows the Oklahoma Tax Commission to suspend the charter of a corporation for failure to pay the franchise tax and to do so would violate the sovereignty of another state. This analysis is incorrect.

Section 1212(a) provides one penalty for failure to pay franchise taxes for domestic corporations, and that is the suspension of the corporate charter. Section 1212(c) provides an additional penalty which also applies to a corporation not incorporated in Oklahoma but which holds a license giving it the right to do business within this state. The operative language of section 1212(c) is "of any such corporation, association or organization, *whose right to do business within this State shall be so forfeited....*" Okla.Stat. tit. 68, § 1212(c) (1991) (emphasis added). This language makes section 1212(c) applicable to foreign corporations holding a license to do business within the state even though incorporated in another state.

■ In their brief on appeal, the defendants argue that section 1124 of title 18 requires that suit be brought and judgment entered against the corporation before suit can be brought against the officers of the corporation. The defendants fail to realize section 1212(c) of title 68 provides that officers of a corporation with a right to do business in Oklahoma are liable to the same extent as if the officers were part-

ners in the business. It is not necessary to have a judgment against a partnership before including the individual partners as defendants. *See Fowler v. Brooks*, 193 Okl. 580, 146 P.2d 304, 307 (1944). Therefore, under section 1212(c), it is not necessary to obtain a judgment against the corporation before suing the officers.

■ Under section 1002 of title 18, any conflict between the General Corporation Act, specifically section 1124 of title 18, and the tax laws is to be construed in favor of the tax law. The defendants argue that this section applies only if the liability is imposed under the tax or property laws. This section is not to be construed so narrowly.

■ Section 1002 provides that any conflicts between the Oklahoma General Corporation Act and *"any tax or unclaimed property laws of this state* shall be governed by the tax or unclaimed property provisions, *including those provisions relating to personal liability of corporate officers and directors."* (Emphasis added.) In other words, any provisions included in the tax or unclaimed property provisions dealing with liability of corporate officers that conflict with the Oklahoma General Corporation Act are governed by the tax or unclaimed property provisions, not the General Corporation Act. Therefore, section 1212 of title 68, a tax law, controls over section 1124 of title 18, a section of the Oklahoma General Corporation Act. For the same reasons section 1212 of title 68 controls over section 1120 of title 18.

Because section 1212(c) of title 68 applies to foreign corporations, the defendants are included within its purview. Section 1212(c) holds the Officers personally liable for debts incurred with their knowledge, approval and consent even during the suspension of the corporation's license to do business within the state and even when suit is brought after reinstatement. Further, any conflict between section 1212(c) and sections 1120(E) and 1124 of title 18 are governed by section 1212(c) pursuant to section 1002(B) of title 18. Therefore, the trial court and the Court of Appeals incor-

rectly found that the motion to dismiss had merit.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; TRIAL COURT REVERSED; CAUSE REMANDED.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

OPALA, J., dissents.