2002 OK CIV APP 89

Linda SEGARS, as administrator of the Estate of John Segars, and Linda Segars, an individual, Plaintiff/Appellant,

v.

Denver McCORMICK, an individual; Linda McCormick, an individual; Arlena Dunbar, an individual; and Jackie Bosler, an individual, Defendants/Appellees,

and

Southwest Health Care, an Oklahoma Corporation, d/b/a Highland Park Manor, an Oklahoma Nursing Home; and Southwest Healthcare Partners, an Oklahoma Partnership, Defendants.

No. 97,439.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 23, 2002.

M. Chad Trammell, Brian D. Reddick, Wilkes & McHugh, P.A., Little Rock, AR, and Angela K. Fenwick, and J.R. Hefner, Oklahoma City, OK, for Plaintiff/Appellant.

W. Michael Hill, Edward J. Main, Secrest, Hill & Butler, Tulsa, OK, for Defendants/Appellees.

Opinion by KENNETH L. BUETTNER, Judge.

¶1 Plaintiff Linda Segars sued various defendants including an Oklahoma general partnership and its four general partners. The trial court dismissed the partners of Southwest Healthcare Partners from the lawsuit stating that there had to be a showing that partnership assets were insufficient to satisfy the judgment before an action could be brought against the individual partners. We hold that pursuant to the Oklahoma Revised Partnership Act, a plaintiff may sue a general partnership and join any of the partners as individual defendants in the same action.

¶2 In her petition, Linda Segars stated that her father, John Segars, had been a resident of Highland Park Manor Nursing Center and that he died there on account of the negligent care he received. It is alleged that Southwest Healthcare Management, Inc. operates the nursing home, and that Southwest Healthcare Partners own the nursing home building. The individual general partners moved to dismiss the lawsuit on the basis of no duty and failure to state a claim upon which relief may be granted. The trial court granted their motions and plaintiff moved for reconsideration of the ruling.[1]

¶3 Upon reconsideration of its ruling, the trial court stated:

1. The trial court certified the order pursuant to 12 O.S.2001 § 994.

2. The various documents filed relating to the motions to dismiss of the general partners eventually reduced the issue to whether individual partners are properly named in a suit against the general partnership. The original issues of lack of duty and failure to state a claim were not decided by the trial court and are not addressed by this Court.

3. The record did not contain a copy of the partnership agreement or a statement concerning the year the partnership formed. Both sides refer to

Plaintiffs must obtain a judgment against the partnership involved, and then make an allegation that the partnership assets are insufficient to satisfy the judgment before any action can be brought against the individual partners.

This is not a correct statement of law.[2]

¶4 Oklahoma adopted the Revised Uniform Partnership Act (ORUPA), 54 O.S. §§ 1–100 et seq. in 1997.[3] General partners are jointly and severally liable for obligations of the partnership.[4] 54 O.S. Supp.1997 § 1–306. A judgment entered against a partnership and any of its general partners in contract or tort would become an obligation of the partnership.

¶5 Because none of the exceptions found in § 1–306 apply in the case at bar, 54 O.S. Supp.1997 § 1–307, Actions by and against partnership and partners, must be considered. "The enforcement of partnership obligations is the least uniform—and most confusing—of all aspects of American partnership law." *Bromberg and Ribstein on Partnership*, Vol. II, § 5.08(a), 2002–1 Supplement. Because against whom an obligation is enforceable is the question on appeal, we cite § 1–307 in full:

### Actions By and Against Partnership and Partners.

(a). A partnership may sue and be sued in the name of the partnership.

(b). An action may be brought against the partnership and, to the extent not inconsistent with Section 18 [§ 1–306] of this act, any or all of the partners in the same action or in separate actions.

ORUPA as controlling law albeit they interpret it differently. We assume that the partnership is governed by ORUPA.

4. Joint and several liability attaches unless otherwise agreed by the claimant or provided by law. 54 O.S. Supp.1997 § 1–306(a). A partner admitted to the partnership after the alleged obligation is not personally liable. 54 O.S. Supp 1997 § 1–306(b). Finally, an obligation incurred while the partnership is a limited liability partnership is an obligation of the limited liability partnership only. 54 O.S. Supp.1997 § 1–306(c).

(c) A judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner.

(d) A judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless the partner is personally liable for the claim under Section 18 of this act and:

(1) a judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part;

(2) the partnership is a debtor in bankruptcy;

(3) the partner has agreed that the creditor need not exhaust partnership assets;

(4) a court grants permission to the judgment creditor to levy execution against the assets of a partner based on a finding that partnership assets subject to execution are clearly insufficient to satisfy the judgment, that exhaustion of partnership assets is excessively burdensome, or that the grant of permission is an appropriate exercise of the court's equitable powers; or

(5) liability is imposed on the partner by law or contract independent of the existence of the partnership.

(e) This section applies to any partnership liability or obligation resulting from a representation by a partner or purported partner under Section 20[§ 1–308] of this act.

¶ 6 Thus, ORUPA § 1–306(a) provides for joint and several liability for obligations arising out of contract and tort, and § 1–307(d) provides for exhaustion of partnership assets before tapping personal assets of an individual partner.[5] Joint and several liability under ORUPA permits suits against any of the partners individually, without suing all of the partners. Section 307(b) authorizes suit against any or all partners (except in cases involving limited liability partnerships) and § 307(c) requires a judgment against a partner before that partner's assets may be used to satisfy a judgment against the partnership. Comment 3 to R.U.P.A. § 307 makes clear that the partner must be named and served either in the action against the partnership or in the action against the individual partner. *Bromberg and Ribstein on Partnerships, Id.* § 5.11(b), 1998–1 Supplement.

¶ 7 ORUPA has changed some important traditional notions of partnership law. Since the adoption of the Revised Uniform Partnership Act, partners are jointly and severally liable on contract and tort obligations[6]; partners must be named and served before they incur individual liability and they may be named and served in the same action in which the partnership is named; and finally, even if individual partners are named in the same lawsuit as the partnership, if the judgment is in plaintiff's favor, the assets of the partnership must be depleted before a plaintiff may proceed against the personal assets of the named and served partner.

---

**5.** Traditionally, general partners were jointly liable in an action against a partnership on contract and required the naming of all partners. Exhaustion of partnership assets was required and all partners were then equally liable for any deficiency. Partners liable for tort obligations were traditionally jointly and severally liable, and there was no requirement of exhausting the partnership assets. "R.U.P.A. § 307 imposes joint and several liability for all debts and obligations of the partnership, that is, for contracts and torts alike. Section 307(d) generally adopts an exhaustion requirement before recourse to partners' individual assets. More specifically, it would require an unsatisfied judgment against the partnership unless the partnership is a debtor in bankruptcy, the claimant (third party) and the

partner have agreed that exhaustion is not necessary, or the court finds that partnership assets in the state are insufficient, that exhaustion is excessively burdensome, or that the court's inherent equitable powers are appropriately exercised (sic) to permit direct recovery against individual assets." *Bromberg and Ribstein on Partnership,* § 5.08(g), 2002–1 Supplement.

**6.** Before adoption of the Oklahoma Revised Uniform Partnership Act, Oklahoma had enacted the Uniform Partnership Act which provided for joint and several liability for partners' wrongful acts and breaches of trust, but only joint liability for all other debts and obligations of the partnership. 54 O.S. Supp.1955 §§ 213, 214, 215.

¶8 The partners relied on *Southard v. Oil Equipment Corporation,* 1956 OK 74, 296 P.2d 780, which relied on *Fowler v. Brooks,* 1944 OK 57, 146 P.2d 304, for the proposition that partners are not directly or personally liable for partnership obligations. As we stated, ORUPA has changed several areas of partnership law. General partners may be held personally liable for partnership obligations, but their personal assets are generally safe from execution unless and until partnership assets are exhausted.

¶9 The trial court erred in dismissing the individually named partners. We therefore REVERSE the order of dismissal and REMAND to the trial court with directions to reinstate the individual partners as named defendants in the action.

JOPLIN, V.C.J., and JONES, J., concur.